UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                          Plaintiff,

                -against-                      06 CV 2233 (JBW) (CLP)

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC., DUNKELBERGER'S SPORTS OUTFITTERS, GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                                          Defendants.

-------------------------------------------------------------------------- X

## STIPULATION AND SETTLEMENT AGREEMENT

WHEREAS, plaintiff, The City of New York (the "City") commenced this action (the "Action") on May 15, 2006 (the "New York Action") by filing a complaint (the "Complaint") against James T. Farmer Jr. d/b/a Jim's Guns and Whatever ("Jim's Guns") in the United States District Court for the Eastern District of New York;

WHEREAS, Jim's Guns was served with the Complaint on May 18, 2006;

WHEREAS, Jim's Guns has answered the Complaint denying the principal allegations and has interposed various affirmative defenses;

WHEREAS, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Jim's Guns right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Jim's Guns will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Jim's Guns hereby consents to the immediate entry of a permanent injunction to govern its sales, the terms of which shall be substantially identical to those set forth in paragraphs 2 through 14 and 16 below (the "Injunction").

2. An individual designated by the City shall be appointed as Special Master by the Court. The City shall compensate the Special Master for his or her fees and expenses. The parties agree that the Special Master shall commence his or her monitoring responsibilities within 30 days of the signing of this Stipulation and Agreement and shall commence his or her training responsibilities described in subparagraph 3(v) on May 1, 2007.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that firearm sales by Jim's Guns from the date of this Agreement forward are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Jim's Guns from the date of this Agreement forward; (iii) random and repeated integrity testing; (iv) inspection of Jim's Guns inventory; and (v) instructional programs designed to provide "best practices" sales training to all Jim's Guns employees involved in firearms sales.

4.  Jim's Guns agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and firearms in Jim's Guns possession and agrees to make such records covering the time period from the date of this Agreement forward available without restriction to the Special Master. Provided, however that, if ATF expressly prohibits Jim's Guns from providing ATF trace requests to the Special Master, Jim's Guns shall not be in violation of the Injunction for withholding such records.

5.  Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Ohio state law, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees.

6.  On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Jim's Guns shall file with the Court a performance bond in the amount of $500 in form and content satisfactory to the City (the "Bond").

7.  After the date of this Agreement, if Jim's Guns sells a firearm to a "Straw Purchaser," as that term is defined below, or an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master $1,000 shall be forfeited to the City as a penalty. For a second violation the amount to be forfeit shall be $2,000, and for a third violation, $3,000. Said amount shall become immediately payable to the City and the bond shall be promptly restored to its full amount after any violation. Provided, however, that the Special Master in his or her sole discretion may deem a violation

non-material in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction.

8. For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Jim's Guns is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A) or 1001 on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) a sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Complaint, for example, in Complaint paragraphs 91-92, 127-129 and 175-177. *See also* Complaint ¶ 58.

9. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

10. The City and Jim's Guns shall submit to the Court a joint application for the entry of the Injunction in the Action within 10 days after the execution of this Stipulation and Settlement Agreement. Jim's Guns agrees not to move to modify or vacate the injunction other than jointly with the City.

11. In the event the Court fails or refuses to issue an injunction within 60 days of the filing of the injunction application, which date may be extended by the City, or the Injunction issued differs materially from that agreed to by the parties hereto, the City shall discontinue the New York Action without prejudice and paragraphs 2 through 9, 13, 14, and 16 of this Stipulation and Settlement Agreement shall remain valid contractual obligations between the parties, enforceable as a contract in any court having personal and subject matter jurisdiction.

12. Except as provided in paragraph 11 hereof, the Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction against Jim's Guns, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be stayed as against Jim's Guns.

13. The duties of the Special Master and the requirement to maintain the Bond, shall terminate upon attainment by Jim's Guns of three consecutive years from the date of the posting of the Bond of full compliance by Jim's Guns and each of its owners, employees and agents, with all applicable firearms laws and regulations and with paragraphs 2-9 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

14. If, at any time before three years from the date of this Stipulation and Settlement Agreement, the Special Master certifies in writing that Jim's Guns has sold all of its

existing inventory of firearms and ceased selling firearms ("Early Termination Certification"), then the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

15. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

16. James T. Farmer Jr. recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 14 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement. In the event that James T. Farmer Jr. re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the retail sale of firearms, Mr. Farmer agrees to be bound by paragraphs 2 through 13 of this Stipulation and Settlement Agreement for a period of three (3) years following the date on which he begins to engage in retail firearms sales. In that event, paragraphs 2 through 13 of this Stipulation and Settlement Agreement shall be valid contractual obligations between the City and Mr. Farmer, enforceable as a contract in any court having personal and subject matter jurisdiction.

17. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Jim's Guns and Jim's Guns releases and forever discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided,

however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Jim's Guns denies liability for any damages due the City or to citizens of the City of New York, and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this 6th day of December 2006, have caused this Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-099
New York, New York 10007
(212) 788-1324

By: Eric Proshansky

_____
JAMES T. FARMER, JR.
Individually and d/b/a Jim's Guns
and Whatever