UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THE CITY OF NEW YORK,

                Plaintiff,

-against-

A-1 JEWELRY & PAWN, INC.; ADVENTURE
OUTDOORS, INC.; COLE'S GUN SHOP, INC.
DUNKELBERGER'S SPORTS OUTFITTERS,
GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS
d/b/a AAA Gun & Pawn Brokers; THE GUN STORE,
INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's
Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's
Guns and Whatever; MICKALIS PAWN SHOP, LLC;
NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION
GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.;
WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop;
WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                Defendants.

------------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAR 2 3 2007
P.M. _____
TIME A.M. _____

06-CV-2233 (JBW)
MEMORANDUM & ORDER

JACK B. WEINSTEIN, Senior District Judge:

Defendants, Adventure Outdoors, Inc, Harold W. Babcock, Jr. d/b/a/ Webb's Sporting Goods, Mickalis Pawn Shop, LLC, Nancy Dailey d/b/a Peddler's Post and Chennies, Inc. s/h/a Woodrow C. Holman III d/b/a/ Woody's Pawn Shop (collectively "defendants"), appeal from an order of the Magistrate Judge, dated February 6, 2007, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The February 6, 2007 order granted plaintiff's request for depositions of the Defendants and required the defendants to disclose: (1) trace requests received from all law enforcement agencies; (2) the number of Bryco, Hi-Point, Lorcin and Taurus firearms sold by defendants; and (3) the total number of multiple sales forms completed by defendants including the number of firearms associated with each multiple sales form.



Plaintiff City of New York ("the City") appeals from orders of the Magistrate Judge, dated February 27, 2007 and March 13, 2007, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The February 27, 2007 order denied the plaintiff's request for discovery of defendants' acquisition and disposition records and Bureau of Alcohol, Tobacco, Firearms and Explosives 4473 forms as unduly burdensome. The March 13, 2007 order denied the City's request for reconsideration of the February 27, 2007 order.

The orders of the Magistrate Judge dated February 6, 2007, February 27, 2007 and March 13, 2007 are affirmed.

"A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference," *Dubin v. E.F. Hutton Group Inc,.* 125 F.R.D. 372, 373 (S.D.N.Y.1989), and should not be disturbed by a District Court in the absence of a finding that the magistrate's determination was "clearly erroneous or contrary to law." See *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir 1985); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir.1986); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A) (1982). "[I]n reviewing discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Litton v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y.1989) (*quoting Citicorp v. Interbank Card Ass'n*, 478 F.Supp. 756, 765 (S.D.N.Y.1979)); see also *Haines v. Liggett Group Inc.*, 975 F.2d 81(3rd Cir 1992)

The Magistrate Judge thoroughly considered the arguments presented and issued well reasoned opinions. There is no basis for a reversal. The Magistrate Judge's orders are affirmed.

The Magistrate Judge has continuing jurisdiction to modify decisions as discovery continues. Should briefing and argument of the motions to dismiss suggest the need for further data the court can order an extension of discovery.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: March 22, 2007
Brooklyn, N.Y.