FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 4 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                Plaintiff,

           -against-                       06 CV 2233

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS; GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                                Defendants.

-------------------------------------------------------------- x

## STIPULATION AND SETTLEMENT AGREEMENT

      WHEREAS, plaintiff, The City of New York (the "City") commenced this action on May 15, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

      WHEREAS, defendant Welsh Pawn Shop, Inc. d/b/a Big Tom's Pawn Shop ("Welsh Pawn") was served with the Complaint on May 24, 2006;

      WHEREAS, the parties recognize that the only business operated by Welsh Pawn Shop, Inc. named in the New York Action was Big Tom's Pawn Shop operated at 5511



6830730.1
34209-2001

Montgomery Street, Savannah, Georgia. Welsh Pawn Shop, Inc. owns and operates other businesses which hold federal firearms licenses, including a location in Rincon, Georgia operated under the name Big Tom's Pawn Shop. It is therefore agreed that references herein to "Welsh Pawn" shall refer only to its business operated at 5511 Montgomery Street, Savannah, Georgia under the name Big Tom's Pawn Shop and to any business it operates at a Successor Location as defined in paragraph 21.

WHEREAS, the date for Welsh Pawn to answer or otherwise respond to the Complaint has been adjourned *sine die* by the City;

WHEREAS, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Welsh Pawn's right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Welsh Pawn will not be illegally possessed in New York City;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Welsh Pawn hereby consents to the immediate entry of a permanent injunction whose terms shall be substantially identical to those set forth in paragraphs 2 through 16 and 20 below (the "Injunction").

2. All firearm sales by Welsh Pawn from the date of this Stipulation and Settlement Agreement forward shall be made in full conformity with federal, Georgia and local law, excepting violations that are deemed non-material by the Special Master in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction.

3. An individual designated by the City shall be appointed as Special Master by the Court. The City shall designate as Special Master a person who is independent of the

2

City, provided that service as Special Master with regards to another defendant in the New York Action shall not be deemed a breach of independence. The City shall designate as Special Master a person with experience as a federal judge, federal prosecutor, or federal, state or local law enforcement official with experience related to firearms sales. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for his or her fees and expenses.

4. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Welsh Pawn are made in full conformity with applicable law. The Special Master shall, at the City's expense utilize, without limitation, (i) in-store observation, including the use of video/audiotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Welsh Pawn since the date of this Stipulation and Settlement Agreement; (iii) random and repeated integrity testing by undercover operatives; (iv) inspection of Welsh Pawn's inventory of firearms held for sale; and (v) instructional programs designed to provide "best practices" sales training to all Welsh Pawn employees.

5. Welsh Pawn agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and inventory for the time period commencing with the date of this Stipulation and Settlement Agreement. Welsh Pawn agrees to make such records available without restriction to the Special Master. The Special Master and the parties shall treat all such material as confidential and shall not share it with anyone, except with each other or for the purpose of disclosing violations by Welsh of the terms of this Agreement and/or the Injunction.

6. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Georgia state law, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest any decision or practice of the Special Master. Any dispute involving a decision or practice of the Special Master shall be heard by the United States District Court for the Southern District of Georgia or another neutral forum agreed to by the parties, such as a mediator or arbitrator. The Court shall consider all statutes, rules, regulations and case law dealing with the sale of firearms in resolving the parties dispute.

7. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice, the party shall pay the other party's attorney fees and costs.

8. On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Welsh Pawn shall file with the Court a performance bond, or at the Defendant's option, deposit cash with the Court to be placed in an interest bearing account, in the amount of $5,000 in a form and content satisfactory to the City (the "Bond").

9. After the date of this Stipulation and Settlement Agreement, if Welsh Pawn sells a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser, or otherwise sells a firearm in violation of Federal, State or local law or regulation, as determined by the Special Master, $1,000 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeit shall be $3,000, and for a third violation, $5,000. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

4

10. For purposes of this Stipulation and Settlement Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Welsh Pawn is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring and a reasonable person would have recognized at the time of sale that the individual signing the ATF Form 4473 was not the 'actual buyer.'; or;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that the individual signing an ATF Form 4473 was not the 'actual buyer' and that a reasonable person would have recognized the fact at the time the sale was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," meaning a sale in which it would have appeared to a reasonable person at the time of the sale that one individual was having another person buy him or her a firearm and sign the ATF Form 4473.

For purposes of this Agreement the term "actual buyer" shall have the same meaning as set forth on ATF form 4473.

11. The Special Master shall, at least quarterly after his/her appointment report to the parties on his or her own activities and on whether Welsh has been in compliance with the terms of this Agreement or not, and if not then the specific instances of non-compliance. This paragraph is not intended to abrogate the confidentiality provisions of paragraph 5. Notice of any violation must be made by the Special Master to Welsh Pawn within 72 hours of the

5

Special Master's discovery of the violation unless the Special Master is otherwise directed by a law enforcement agency acting in good faith.

12. The City and Welsh Pawn shall submit to the Court a joint application for the entry of the Injunction in the New York Action within 10 days after the execution of this Stipulation and Settlement Agreement. Welsh Pawn agrees not to move to modify or vacate the Injunction other than jointly with the City.

13. In the event the Court fails or refuses to issue the Injunction within 60 days of the filing of the joint application for the entry of the Injunction, which date may be extended by the City, or the Injunction issued differs materially from that agreed to by the parties hereto, the City shall discontinue the New York Action without prejudice and paragraphs 2 through 11, 15, and 16 of this Stipulation and Settlement Agreement shall remain valid contractual obligations between the parties, enforceable as a contract in any court having personal and subject matter jurisdiction.

14. Except as provided in paragraph 13 hereof, and except insofar as Paragraph 6 allows disputes to be heard elsewhere, the Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction as against Welsh Pawn, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the New York Action shall be stayed as against Welsh Pawn.

15. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Welsh Pawn of three consecutive years from the date of the posting of the Bond of full compliance by Welsh Pawn

and each of its owners, employees and agents, with paragraphs 2-10 of this Stipulation and Settlement Agreement insofar as they apply to Welsh Pawn's location at 5511 Montgomery Street, Savannah or to any Successor Location (the "Compliance Period"). Failing receipt from the Special Master of a report of non-compliance within 72 hours of the close of the putative Compliance Period, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

16. A violation of an applicable firearms law or regulation or of paragraph 2-10 of this Stipulation and Settlement Agreement as certified by the Special Master shall extend for three years from the date of the violation the running of the Compliance Period, provided that the Special Master shall have the authority to waive violations that in the sole discretion of the Special Master are non-material.

17. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

18. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Welsh Pawn, and Welsh Pawn releases and discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the Complaint as above-styled, provided that Claims, if any, arising out of firearms sold after the Compliance Period are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in

compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Welsh Pawn denies liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

19. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

20. A violation of the terms of this agreement which is a result of Welsh Pawn's compliance with a directive of a law enforcement agency shall not result in a violation, fine, penalty or negative report.

21. If at any time prior to the end of the Compliance Period Welsh Pawn should cease conducting retail sales of firearms at 5511 Montgomery Street, Savannah, Georgia, and prior to the end of the Compliance Period Welsh Pawn conducts retail sales of firearms at any location other than those where it conducts such sales on the date of this Stipulation and Settlement Agreement, and such location in effect replaces the 5511 Montgomery Street location for retail purchasers of firearms, then the Special Master may deem such other location a Successor Location. In determining whether a new location in effect replaces the 5511 Montgomery Street location for retail purchasers of firearms the Special Master shall consider all relevant factors, including the proximity of such new location to 5511 Montgomery Street, whether such new location uses the name Big Tom's Pawn Shop or a variant thereof, and whether the same personnel are responsible for firearms sales there as were responsible for

firearms sales at 5511 Montgomery Street. If the Special Master deems any location a Successor Location, then this Stipulation and Settlement Agreement shall apply to sales conducted there as if they were conducted at 5511 Montgomery Street.

The parties intending to be legally bound this 21st day of September, 2006, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

 

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for Plaintiff
100 Church Street, Rm. 3-158
New York, New York 10007
(212) 788-1324

By: Frederico Gebauer
Special Assistant Corporation
Counsel

By: Eric Proshansky
Assistant Corporation Counsel

 

**BARNARD M. PORTMAN**
Attorney for Welsh Pawn Shop, Inc.
31 Montgomery Street
Savannah, GA 31401
912-233-4175

So ordered

10/3/07

9