**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 4 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                        Plaintiff,

         -against-                    06 CV 2233

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC., DUNKELBERGER'S SPORTS OUTFITTERS, GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                        Defendants.

------------------------------------------------------------------------- x

## STIPULATION AND SETTLEMENT AGREEMENT

WHEREAS, plaintiff, The City of New York (the "City") commenced this action on May 15, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

WHEREAS, defendant Dunkelberger's Sports Outfitters ("Dunkelberger's") was served with the Complaint on May 22, 2006;

WHEREAS, the date for Dunkelberger's to answer or otherwise respond to the Complaint has been adjourned until September 11, 2006 by the City;



6830730.1
34209-2001

WHEREAS, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Dunkelberger's right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Dunkelberger's will not be illegally possessed in New York City;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Dunkelberger's hereby consents to the immediate entry of a permanent injunction whose terms shall be substantially identical to those set forth in paragraphs 2 through 15 below (the "Injunction").

2. An individual designated by the City shall be appointed as Special Master by the Court. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for his or her fees and expenses. No earlier than six (6) months following the commencement of the Special Master's monitoring duties, Dunkelberger's for good cause may petition the Court to appoint a different Special Master, and the City shall have the right to oppose such appointment.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Dunkelberger's are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Dunkelberger's since the date of this Stipulation and Settlement Agreement; (iii) random and repeated integrity testing; (iv) inspection of Dunkelberger's inventory; and (v) instructional

programs designed to provide "best practices" sales training to all Dunkelberger's employees involved in firearms sales.

4. Dunkelberger's agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and inventory for the time period commencing with the date of this Stipulation and Settlement Agreement. Dunkelberger's agrees to make such records available without restriction to the Special Master.

5. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Pennsylvania state law, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. Any dispute involving a decision or practice of the Special Master shall be heard by a single neutral arbitrator or mediator agreed upon by the parties, provided, however, that the list of potential arbitrators or mediators shall be limited to former federal district court, or appeals court, judges. If they are unable to agree on the arbitrator or mediator, the parties will submit the issue to the Court and hereby agree to be bound by the Court's selection of the arbitrator or mediator.

6. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees; provided, however, that payment of such attorneys' fees shall be capped at $10,000 per contest.

7. On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Dunkelberger's shall file with the Court a performance bond in the amount of $10,000 in a form and content satisfactory to the City (the "Bond").

3

8. After the date of this Stipulation and Settlement Agreement, if Dunkelberger's sells a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master, $10,000 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeit shall be $15,000, and for a third violation, $20,000. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

9. For purposes of this Stipulation and Settlement Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Dunkelberger's is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Complaint, for example, in paragraphs 91-92, 127-129 and 175-177. *See also* Complaint ¶ 58.

10. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

11. The City and Dunkelberger's shall submit to the Court a joint application for the entry of the Injunction in the New York Action within 10 days after the execution of this Stipulation and Settlement Agreement. Dunkelberger's agrees not to move to modify or vacate the Injunction other than jointly with the City.

12. In the event the Court fails or refuses to issue the Injunction within 60 days of the filing of the joint application for the entry of the Injunction, which date may be extended by the City, or the Injunction issued differs materially from that agreed to by the parties hereto, the City shall discontinue the New York Action without prejudice and paragraphs 2 through 9 of this Stipulation and Settlement Agreement shall remain valid contractual obligations between the parties, enforceable as a contract in any court having personal and subject matter jurisdiction.

13. Except as provided in paragraph 12 hereof, the Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction as against Dunkelberger's, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the New York Action shall be stayed as against Dunkelberger's.

14. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Dunkelberger's of three consecutive years from the date of the posting of the Bond of full compliance by Dunkelberger's and each of its owners, employees and agents, with all applicable firearms laws and regulations and with paragraphs 2-8 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of

compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

15. A violation of an applicable firearms law or regulation or of paragraph 2-8 of this Stipulation and Settlement Agreement as certified by the Special Master shall re-commence the running of the three-year Compliance Period from the date of the violation, provided that the Special Master shall have the authority to waive violations that in the sole discretion of the Special Master are non-material.

16. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

17. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Dunkelberger's, and Dunkelberger's releases and discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the Complaint as above-styled, provided that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between

the parties. Dunkelberger's denies liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

18. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

The parties intending to be legally bound this 30th day of August, 2006, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

 

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Plaintiff
100 Church Street, Rm. 3-158
New York, New York 10007
(212) 788-1324

By: Eric Proshansky, Esq.

 

Charles E. Dorkey III, Esq.
Torys LLP
237 Park Avenue
New York, NY 10017-3142

 

George W. Westervelt, Jr., Esq.
706 Monroe Street, P.O. Box 549
Stroudsburg, PA 18360-0549

the parties. Dunkelberger's denies liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

18. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

The parties intending to be legally bound this 30th day of August, 2006, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Plaintiff
100 Church Street, Rm. 3-158
New York, New York 10007
(212) 788-1324

By: Eric Proshansky, Esq.

_____
Charles E. Dorkey III, Esq.
Torys LLP
237 Park Avenue
New York, NY 10017-3142

_____ 9/12/06
George W. Westervelt, Jr., Esq.
706 Monroe Street, P.O. Box 549
Stroudsburg, PA 18360-0549

7  So ordered

JW 10/3/07