

**Kimo S. Peluso**
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4570
E-mail: kpeluso@manatt.com

December 13, 2007

Client-Matter: 26992-063

**BY ECF FILING AND FACSIMILE**

The Honorable Cheryl L. Pollak
Chambers Room 1230
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    City of New York v. A-1 Jewelry & Pawn, Inc., No. 06-cv-2233 (JBW) (CLP) (E.D.N.Y.)

Dear Judge Pollak:

      We represent non-party witness Thomas Fisher, a private investigator from Ohio. Per Your Honor's instructions, I am submitting this letter and, *in camera*, the attached exhibits. As Your Honor may recall, Mr. Fisher was deposed on December 5, 2007. During the deposition, John Renzulli, counsel for several of the dealer defendants in this action (the "Defendants"), moved by phone to compel the production of certain unredacted invoices of Mr. Fisher's employer, Colley Intelligence. Your Honor requested letter briefing on the issue.

      Currently, the only invoice in dispute concerns investigative services performed by Mr. Fisher's company for the City of New York *during this lawsuit*. Specifically, Defendants seek disclosure of a July 2007 invoice from Colley Intelligence, an investigative firm hired through the James Mintz Group, Inc. to assist the City in gathering evidence for purposes of this lawsuit. On a non-waiver basis, we have already produced to Defendants a redacted version of the July 2007 invoice disclosing three time entries that were arguably follow-up from the pre-litigation April 2006 integrity tests.[1] *See* Ex. 1 (unredacted version) & Ex. 2 (redacted version). There are no remaining redactions relating to Mr. Fisher – the only relevant person or entity who has been subpoenaed. Counsel for Defendants, nonetheless, continues to demand an unredacted copy of this post-complaint investigator invoice.

---

[1] The documents initially redacted also included one Colley Intelligence invoice from April 2006 and one set of Mr. Fisher's time sheets related to the April 2006 time period. As a compromise, without any waiver or admission and to narrow the issues in dispute, we have produced to Defendants an unredacted copy of the invoice and the time sheets from April 2006 – the time of Fisher's involvement in the integrity tests performed at Ohio gun stores.

7 Times Square, New York, New York 10036 Telephone: 212.790.4500 Fax: 212.790.4545

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.



The Honorable Cheryl L. Pollak
December 13, 2007
Page 2


With only the partially redacted July 2007 invoice in dispute, Defendants are seeking to intrude into a core area of work product – a party's post-complaint investigative activities. The July 2007 invoices, unredacted, would disclose the names of persons that the City has contacted for possible information, the type and subject matter of research performed for the City, and the amount of time and resources dedicated to any particular aspect of the investigation. In addition, at least one entry reveals communications with Steve Dettelbach, Esq. an outside attorney for Colley Intelligence and its employees regarding this investigation. (*See* TF-A1 00116, at 6/6/2007 entry). Defendants have no right to this information, and their motion to compel should be denied.

The well-known purpose of the work product doctrine is to "provide[] a zone of privacy for a lawyer; the doctrine grants counsel an opportunity to think or prepare a client's case without fear of intrusion by an adversary." *In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. 1992). Among other things, the work product doctrine protects an attorney's ability to "assemble information . . . without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The work product privilege plainly encompasses the activities of investigators hired during and in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002) ("[T]he work product privilege applies to preparation not only by lawyers but also by other types of party representatives including, for example, investigators seeking factual information.") (citing Fed. R. Civ. P. 26(b)(3) and reversing district court decision denying motion to quash).

Accordingly, documents that disclose a party's investigative activities for litigation constitute core work product. *See Herman v. Crescent Publishing Group, Inc.*, No. 00 Civ. 1665 SAS, 2000 WL 1371711, at *6 (S.D.N.Y. Sept. 21, 2000) (finding it was "obvious" that an investigator's handwritten task list was "prepared in anticipation of litigation and . . . shielded from disclosure under the work product doctrine"). Courts have recognized that invoices and other documents that reflect the activities performed by investigators (or other agents) for litigation are protected by the work product privilege. *See 800 Front Street Corp. v. Travelers Property Cas. Co.*, No. CV 06-500, 2006 WL 3370350, at *4 (E.D.N.Y. Nov. 20, 2006) (invoices and other documents prepared by engineering firm hired by party to investigate cause of incident were work product, and investigator, in response to Rule 45 subpoena, "need not provide counsel with copies of its invoices"); *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 60-61 (S.D.N.Y. 1997) (invoices from party's expert or expert's subcontractor protected under attorney work-product doctrine despite expert disclosure rules); *see also Kansas City Southern Railway Co. v. Nichols Constr. Co., LLC*, No. 05-1182, 2007 WL 2127820, at *5 (E.D. La. July 25, 2007) (work product privilege extended to invoice for investigation services); *Barnes v. New York State Thruway Authority*, 671 N.Y.S.2d 616, 618 (N.Y. Ct. Cl. 1998) (noting that "invoices" and "logs of surveillance" were attorney work product) (internal quotation marks omitted).



The Honorable Cheryl L. Pollak
December 13, 2007
Page 3


   The remaining redactions on the July 2007 Colley Invoice are appropriate and necessary to protect the City's counsel and outside investigators from unnecessary intrusion into their post-complaint preparation for trial.  Defendants have no right to discover the avenues of inquiry chosen by the City's attorneys or its outside investigators in connection with the present litigation.  Moreover, as *in camera* review of the redacted information will confirm, Defendants have no need, substantial or otherwise, for discovery, as the entries themselves do not relate in any way to the merits of this case.  Defendants are not entitled to a roadmap of investigative efforts carried out on behalf of their adversary.  Defendants' motion to compel should be denied.

                 Respectfully Submitted,


                 Kimo S. Peluso

Attachments

cc: John Renzulli, Esq. (via email w/o att.)


80410326.4
12/13/07 7:32 PM