UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CITY OF NEW YORK,

            Plaintiff,

- against -

A-1 JEWELRY & PAWN, INC., et al.,

           Defendants.
-------------------------------------------------X

**O R D E R**

06 CV 2233 (JBW)

Presently before the Court are several motions relating to discovery and other matters in the above-captioned action.

1. <u>Defendants' Motion for Discovery</u>

By letter dated January 24, 2008, defendants Harold W. Babcock, Jr., Mickalis Pawn Shop, LLC, Nancy Dailey, and Adventure Outdoors, Inc. ("moving defendants" or "Babcock defendants") move for an Order determining the applicability of a claim of privilege asserted for documents that were inadvertently disclosed to defendants in response to subpoenas served on non-party the James Mintz Group (the "Mintz Group"). (Moving Defendants' Letter of January 24, 2008 ("Defs.' Mtn.") at 1). These documents, which moving defendants have provided to the Court for *in camera* review, include various sales receipts, invoices, photographs, and letters relating to firearms purchases made by investigators hired by the Mintz Group from firearms dealers who are not defendants in this case. Moving defendants contend that these documents, which counsel for the Mintz Group requested be returned pursuant to Fed. R. Civ. P. 45(d)(2)(B), need not be returned because they are not subject to any claim of privilege. (Id. at 1-2). Moving defendants further request an Order requiring the Mintz Group to comply fully with defendants'

subpoenas, presumably by producing additional documents similar to those inadvertently produced. (Id. at 2). In addition, by letter dated January 30, 2008, defendants Gallery Distributing Inc. and The Gun Store, Inc. (collectively, "Gallery defendants") register their support for moving defendants' motion and request that any Order to produce documents pertain not only the Mintz Group, but to the City as well, and include essentially all information relating to any firearms dealer that was the subject of the City's investigation. (Gallery Defendants' Letter of January 30, 2008, at 2).

In response, by letter dated January 30, 2008, plaintiff City of New York (the "City") asserts that the documents in question reflect the City's litigation strategy in both this action and in potential subsequent actions and that accordingly, claims of privilege with respect to these documents were proper. (Plaintiff's Letter of January 30, 2008 ("Pl.'s Resp.") at 2). The Mintz Group joins the City's response by letter dated January 31, 2008, and adds that the subpoenas pursuant to which the documents were disclosed were limited to information relating to firearms dealers who are defendants in this case or who "'at any time have been a party to this action.'" (Non-Parties the James Mintz Group, Tanya Brant, and Thomas Fisher's Letter of January 30, 2008 ("Mintz Group Letter"), at 1 (quoting relevant subpoena)). As such, the Mintz Group argues that it should not be compelled to produce documents relating to dealers who are not parties to this case. (Id.)

In reply, moving defendants argue that the City has failed to demonstrate the applicability of any privilege or protection for these documents, many of which were generated by non-parties to the litigation, and that regardless, the Mintz Group has let the "'cat out of the bag'" in that defendants cannot realistically be expected to forget the information they have seen in the

2

documents. (Moving Defendants' Letter of January 31, 2008 ("Moving Defs.' Reply"), at 2).

The Court has reviewed the disputed documents and finds that the City and the Mintz Group have failed to demonstrate that the documents, which are copies of sales receipts and related purchasing forms, photographs, informational letters, and other administrative or factual documents, are protected as attorney-client communications or work-product. As moving defendants correctly note, these documents were prepared by non-parties to the litigation, namely, the employees of various firearms dealers who are not defendants in this case, and were collected as part of plaintiff's investigation. These documents do not themselves reflect the "opinions or mental processes" of the City, the Mintz Group, or counsel for either party. To provide just one example, a credit card receipt generated by an individual who is for present purposes a stranger to this case is not protected. As such, the Court finds that defendants need not return the documents inadvertently disclosed by the Mintz Group.

The Court, however, disagrees with defendants' contentions that the City and the Mintz Group should now be compelled to produce all similar documents relating to any firearms dealer that was the subject of the City's investigation. The only possible relevance that any such documents have to this case would be to implicate the City's litigation strategy. The City correctly asserts that it may properly withhold documents or information that tend to reveal the strategic decisions made in this case, including "which dealers to investigate for litigation purposes, which dealers to sue, and why." (Pl.'s Resp. at 2). See also In re Steinhardt Partners, L.P., 9 F.3d 230, 234 (2d Cir. 1993) (stating that "[a]n attorney's protected thought processes include preparing legal theories, planning litigation strategies and trial tactics, and sifting through information") (citing Hickman v. Taylor, 329 U.S. 495, 511 (1947)). Defendants have offered no

other rationale for believing that these documents may lead to the discovery of admissible evidence. Thus, given that the only relevant application for these documents would be an impermissible one, the Court concludes that defendants are not entitled to access to any further documents of the type at issue here.

2. The City's Motion to Compel Responses

By letter dated January 11, 2008, and by formal motion filed January 24, 2008, the City requests an Order compelling defendants to produce certain documents and provide responses to interrogatories. (Pl.'s January 11 Letter at 2-3; Pl.'s Mem. at 2).[1] Specifically, the City seeks from defendants certain ATF 4473 Forms for firearms whose serial numbers match those recovered in New York City, any Multiple Sales Forms related to those firearms, and documents and information relating to the following four categories of information: 1) defendants' "communications with law enforcers and others regarding gun trafficking;" 2) firearms sold by defendants "that were the subject of trace requests;" 3) defendants' "involvement in other litigation;" and 4) "any claimed thefts of firearms from [defendants'] stores." (Pl.'s Mem. at 2-3). Plaintiff claims that the requested documents and information are relevant and assert that the various objections raised by defendants are meritless.

Each group of defendants responds in turn. Gallery defendants assert that they have provided the City with responsive documents, including "Theft/Loss reports, ATF inspection records, correspondence with federal and local law enforcement agencies . . . and trace request

---

[1]Citations to "Pl.'s January 11 Letter" refer to Plaintiff's Letter of January 11, 2008; citations to "Pl.'s Mem." refer to the Memorandum of Law in Support of Plaintiff The City of New York's Motion to Compel Production of Documents and Responses to Interrogatories, filed January 24, 2008.

responses." Apparently, however, they have not produced the 4473 Forms referenced in the City's document requests. (Gallery Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel, filed January 30, 2008 ("Gallery Opp. Mem."), at 1-2). At a conference before this Court on February 1, 2008, counsel for Gallery argued that production of the 4473 Forms would be unduly burdensome; in response, the City indicated that it would be willing to narrow its requests.

The Babcock defendants object to producing the 4473 Forms and Multiple Sales Forms, arguing that providing these documents is prohibited under the Science, State, Justice, Commerce and Related Agencies Appropriations Act, 2006, P.L. 109-108, 119 Stat. 2290 (November 22, 2005) (the "2006 Act") and the Consolidated Appropriations Act, 2008, P.L. 110-161, 121 Stat. 1844 (December 26, 2007) (the "2008 Act"), and that disclosure of this information would violate the privacy interests of the individuals who completed the forms. (The [Babcock] Defendants' Memorandum of Law in Opposition to the City's Motion to Compel the Production of Documents and Responses to Interrogatories, filed January 30, 2008 ("Babcock Opp. Mem."), at 3, 7). Other than the 4473 Forms and Multiple Sales Forms, the Babcock defendants assert that they have produced all responsive documents. (Id. at 1).

Finally, defendant Old Dominion Guns & Tackle, Inc. ("Old Dominion") joins in the Babcock defendants' objections and further indicates that it has no relevant documents responsive to any of the City's other requests, with the exception of documents pertaining to thefts of firearms. (Old Dominion Guns & Tackle, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel the Production of Documents and Responses to Interrogatories, filed January 31, 2008 ("Old Dominion Opp. Mem."), at 1-2). Old Dominion argues that with

respect to two of the 4473 Forms sought by the City, other documentation has provided the City with the information contained in the 4473 Forms; in addition, Old Dominion asserts that because it has not argued that any of the firearms it sold were stolen from the Old Dominion store, the City's request for information relating to thefts is irrelevant. (Id. at 3-4).

By letter dated January 31, 2008 ("Pl.'s January 31 Letter"), plaintiff informs the Court that certain defendants, in response to plaintiff's subsequent document requests seeking 4473 Forms and Multiple Sales Forms "relating to purchases by gun traffickers and straw purchasers named in indictments who bought firearms at Defendants' stores," continue to assert that the 2006 Act bars disclosure of the Forms. (Pl.'s January 31 Letter at 1-2). The City complains that the issue of the application of the 2006 Act has been addressed in previous submissions to the Court and directs the Court to its January 11 Letter. (Id. at 2).

With respect to the Gallery defendants, in the absence of any information to contradict these defendants' assertion that they have produced all documents responsive to the categories set forth in plaintiff's memorandum, the Court finds these defendants to have responded adequately to these requests. However, with respect to the production of 4473 Forms and any Multiple Sales Forms, which the Gallery defendants object to on grounds of burden, the City and counsel for the Gallery defendants are directed to confer in an effort to narrow the scope of the City's requests.[2]

With respect to the Babcock defendants, the Court also finds that, with the exception of

---

[2]Objections were brought on behalf of defendant Gallery Distributing, Inc. by the law firm of Pisciotti, Malsch & Buckley, P.C. The Court recognizes that in light of its Order, infra at p. 11, granting the firm's motion to withdraw as counsel for Gallery, the obligation now rests with Gallery and its new counsel, should it obtain new counsel, to confer with plaintiff and furnish the requested documents.

the 4473 Forms and Multiple Sales Forms, there is no information before the Court to contradict the assertions of the Babcock defendants that they have produced all documents responsive to the City's requests. As far as the objections of the Babcock defendants and Old Dominion relating to the 2006 Act are concerned, the Court finds that nothing in either the 2006 Act prohibits disclosure, by defendants, of the 4473 Forms and Multiple Sales Forms. See, e.g., City of New York v. Beretta U.S.A. Corp., 429 F. Supp. 2d 517, 526 (E.D.N.Y. 2006) (noting that the 2006 Act "has no application to data that is not to be disclosed through the use of federally appropriated funds"); see also this Court's Order of September 26, 2007 (holding that "nothing in the language of the 2006 Act, which deals with expenditure of funds by [the Bureau of Alcohol, Tobacco, Firearms & Explosives], prohibits the production of [similar] information by defendants"). Furthermore, the Court discerns nothing in the 2008 Act that would alter this conclusion. Finally, while the Court recognizes that the issue of the applicability of the 2006 Act is currently pending before the Second Circuit, the ruling of the district court in Beretta remains in force and authorizes defendants' disclosure of this information.

In response to defendants' privacy arguments, the Court finds persuasive the district court's holding in Johnson v. Bryco Arms, 224 F.R.D. 536, 542 (E.D.N.Y. 2004), that "legal purchasers of untraced guns do not yield their right to privacy, but that those who purchased guns that may have been involved in a crime do." The Court further notes that defendants' privacy concerns should be addressed at least in part by the protective order in force in this case. In Johnson, the district court permitted the redaction of "[s]ocial security, driver's license and alien registration numbers" so as to omit all but the last four digits, and the Court will follow suit in this case. Accordingly, defendants are Ordered to produce the 4473 Forms and Multiple Sales

Forms listed in the City's document requests, redacted only in accordance with this Order.

Finally, the Court finds that in light of its Order directing defendants to produce 4473 Forms and Multiple Sales Forms, Old Dominion shall produce all such forms. With respect to Old Dominion's objection to producing the documents relating to thefts at its stores, the Court finds these documents are relevant to plaintiff's claims and Orders Old Dominion to produce any such documents.

### 3. The City's Request for a Four-Hour Deposition

By letter dated January 25, 2008, plaintiff requests an Order directing that Susan Lee, former president of defendant The Gun Store, Inc. (the "Gun Store"), be produced for a four-hour deposition to testify for two hours in the capacity of a Gun Store employee and an additional two hours as a 30(b)(6) witness.[3] (Plaintiff's Letter of January 25, 2008 ("Pl.'s Deposition Letter") at 2). The City asserts that counsel for the Gun Store refused to produce Ms. Lee for a four-hour deposition so that she could supplement the "inadequate" 30(b)(6) testimony from the Gun Store's proffered 30(b)(6) witness. (Id. at 2). Specifically, the City indicates that the Gun Store produced Kristopher Lee as the Gun Store's 30(b)(6) witness, but that Mr. Lee was unable to provide information concerning the Gun Store's operation for several years during which he was out of the country performing military service. (Id. at 1). According to plaintiff, Mr. Lee indicated in his deposition that Ms. Lee would have information about the Gun Store's operation during his absence, as well as information concerning other aspects of the Gun Store's business. (Id.)

---

[3] The Court notes that pursuant to its Order of December 10, 2007, depositions of defendants' current employees are to be limited to two hours. (Order of December 10, 2007 at 2-3).

8

In response, by letter dated January 30, 2008, counsel for the Gun Store contends that Mr. Lee provided adequate responses to plaintiff's questioning regarding certain aspects of the Gun Store's business operations, and that plaintiff's 30(b)(6) notice failed to indicate that it sought a witness with information pertaining to certain other aspects of the questioning. (Defendant The Gun Store, Inc.'s Letter of January 30, 2008 ("Def.'s Deposition Resp.") at 1). As such, counsel contends that the Gun Store has fully complied with its obligation to produce witnesses in response to the City's 30(b)(6) notice. (Id.)

The Court grants plaintiff's request. At his deposition, Mr. Lee specifically testified that Ms. Lee would be one of the best people to question regarding how business at the Gun Store was conducted during his absence. (Pl.'s Deposition Letter, Ex. A at 138). Furthermore, Ms. Lee is more than a mere employee at the Gun Store; she also holds the position of "bookkeeper" and sole owner of the store. As such, Ms. Lee's knowledge of how the Gun Store was run in Mr. Lee's absence, as well as her knowledge of other aspects of the store's operation, serves to complete information that is missing from the existing testimony from the Gun Store's 30(b)(6) witness. Thus, the Court authorizes the City to conduct a four-hour deposition of Ms. Lee.

4. Defendant's Motion to Produce Connie Reaves

Finally, by notice of motion dated January 25, 2008, the Babcock defendants move for an Order compelling the City to produce private investigator Connie Reaves for a deposition. (Motion to Compel the City to Produce Connie Reaves for a Deposition, filed January 25, 2008 ("Defs.' Mem."), at 1). Defendants indicate that Ms. Reaves was deposed in connection with the case of Mickalis Pawn Shop, LLC, et al. v. Michael Bloomberg, et al., currently pending in state court in South Carolina, and that counsel for Ms. Reaves informed defendants that her deposition

in this case would be limited to "non-duplicative questions" in whatever time remained after counsel in the South Carolina case had finished their questioning. (Id. at 2). Defendants assert that in light of the district court's order of December 7, 2007, denying plaintiff's motion for consolidation of discovery in this action and the South Carolina action, they are entitled to a full deposition of Ms. Reaves. (Id. at 4-5).

In its response filed February 1, 2008 ("Manatt Resp."), counsel for Ms. Reaves asserts that Ms. Reaves should not be forced to answer redundant questions in a full deposition, and instead argue that Ms. Reaves' deposition by defendants should be limited to two hours of non-duplicative questioning. (Manatt Resp. at 1). Counsel argues that defendants' request would be an undue burden on Ms. Reaves, who counsel notes is a non-party witness and who is pregnant. (Id. at 4).

Defendants, in reply, assert that they have taken "reasonable steps to reduce and minimize any burden" to Ms. Reaves, noting that the City originally changed the time and location of her deposition. (Reply Memorandum of Law in Further Support of Defendants' Motion to Compel the City to Produce Connie Reaves for a Deposition, filed February 4, 2008 ("Defs.' Reply"), at 2-3). Defendants further assert that the probative value of Ms. Reaves's testimony outweighs any burden imposed on her. (Id. at 3). Finally, defendants note that Ms. Reaves also purchased a firearm from one of the defendants in the case of City of New York v. Bob Moates' Sports Shop. In light of the district court's order that plaintiff and defendants coordinate, to the extent possible, discovery between the above-captioned case and Bob Moates, defendants contend that they are entitled to a full deposition to ask her questions related to both cases.

The Court finds that defendants should be able to complete a full deposition of Ms.

Reaves, including questioning her about both the above-captioned case and Bob Moates, in five hours or less. The Court sees no reason that counsel for defendants, who the Court notes is working with local counsel in the South Carolina action and who have been offered a copy of the transcript of Ms. Reaves's deposition in that case (see Manatt Resp. at 2, 3), cannot obtain any additional information they need in the time allotted.

**SO ORDERED.**

Dated: Brooklyn, New York
February 6 , 2008

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge