THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**Eric Proshansky**
Telephone: (212) 788-1324
Facsimile: (212) 788-1633
eproshans@law.nyc.gov

March 19, 2008

**Via Facsimile and ECF**
Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *The City of New York v. A-1 Jewelry & Pawn, Inc., et al.*, Civil Action No. 06 CV 2233 (E.D.N.Y.) (JBW) (CLP) (Motion to Withdraw of Counsel To Mickalis Pawn)

Dear Magistrate Judge Pollak:

I write pursuant to instructions from Chambers to set forth the relief that the City would anticipate seeking in any default judgment requested against Mickalis Pawn Shop, LLC ("Mickalis Pawn"). The City respectfully informs the Court that, in the event that counsel for Mickalis is permitted to withdraw without immediate appointment of substitute counsel, the City will apply for a default judgment pursuant to F.R. Civ. P. 55 (b) (2).

Although the settlements entered into between the City and various defendants in this action provide an approximate guide to the terms of the injunctive relief that the City would seek upon a default, *see, e.g.*, Documents 292, 293, those settlements were reached in negotiations in which the City afforded the settling defendants significant consideration for their agreement not to contest the allegations of the Amended Complaint and to exchange mutual releases. In particular, the City agreed in the settlements to pay for the cost of monitoring and agreed to impose only nominal penalties in the event of a "Violation," as defined by the agreements.

By contrast, the relief sought in the Amended Complaint, to which the City would be entitled by default, imposes the costs of monitoring on the defendant. Although we are unable to specify in advance with any precision the amount of those costs, we estimate them to be more than $35,000 per year. It should be anticipated that the penalties that we would seek for Violations would be far more substantial than those specified in the settlement agreements. We would also seek penalties, including sanctions for contempt of court, in the event of any violation of the injunction itself. An illustration of the relief that the City is likely to seek in a default judgment is contained in *Plaintiff The City of New York's Supplemental Response To*

*Interrogatory No. 25 of Defendant Old Dominion Guns & Tackle, Inc.*, dated December 11, 2007, which is in Mickalis Pawn's possession.

Finally, Your Honor's Order of March 18, 2008, conditions permission to withdraw by the Kahn Firm on the scheduling of the deposition of Barbara Brill. In view of the repeated instances in which Ms. Brill's deposition was scheduled but failed to proceed, the City respectfully requests that the Court condition withdrawal on the successful completion rather than the simple scheduling of that deposition.

Thank you for your consideration of this matter.

Respectfully submitted,

Eric Proshansky

cc: Counsel for defendants via ECF