UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

THE CITY OF NEW YORK,

Plaintiff,

-against-

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS; GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

06-CV-2233(JBW)(CLP)

Defendants.

---------------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF PLAINTIFF THE CITY OF NEW YORK'S REQUEST TO ENTER A DEFAULT AGAINST DEFENDANT MICKALIS PAWN SHOP, LLC**

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

ERIC PROSHANSKY, being duly sworn, deposes and says:

1. I am Deputy Chief, Affirmative Litigation, in the New York City Law Department, counsel for Plaintiff The City of New York (the "City"). I make this affidavit in

support of the City's request for entry of a default against Defendant Mickalis Pawn Shop, LLC ("Mickalis Pawn") pursuant to Federal Rule of Civil Procedure 55(a).

2. This action was commenced by the filing of a Complaint (Document No. 1) on May 15, 2006. The City served defendant Mickalis Pawn with the Summons and Complaint on May 22, 2006. After the Court's denial of Mickalis Pawn's motion to dismiss the Complaint for lack of personal jurisdiction on August 15, 2007 (Document No. 217), the City filed an Amended Complaint (Document No. 234) on August 29, 2007.

3. Mickalis Pawn moved to dismiss the Amended Complaint for lack of personal jurisdiction (Document No. 259). After that motion was denied on December 18, 2007 (Document No. 402), Mickalis Pawn answered the Amended Complaint on January 3, 2008 (Document No. 426).

4. Mickalis Pawn has been represented in this action by counsel located in both New York and South Carolina: (a) Renzulli Law Firm, LLP (White Plains, NY); (b) Pierce, Herns, Sloan and McLeod, LLC (Charleston, SC); and (c) Kahn Law Firm (Charleston, SC).

5. On March 12, 2008, each of these three firms moved the Court for permission to withdraw (Document Nos. 597, 598, 599). In virtually identical supporting memoranda, the three firms stated that "[t]he principal of Mickalis Pawn, Larry Hubert Mickalis, was indicted by a grand jury in the U.S. District Court for the District of South Carolina on February 13, 2008 for allegedly knowingly selling a firearm and ammunition to a convicted felon…," *id.* at 1, and was therefore "concentrating his limited resources on the defense of the criminal action and is accordingly unable to continue with the defense of this case…." *Id.* at 2.

6. On March 18, 2008, during a telephonic status conference before Magistrate Judge Pollak, Scott Allan, Esq., an attorney with the Renzulli Law Firm, informed the Court that

"Mickalis Pawn has decided that it does not intend to further defend this case in Brooklyn. … Mickalis Pawn is no longer going to defend. Whether the Court puts him [*sic*] in default is obviously an issue between the Court and the City but, yes, he [*i.e.*, Mr. Mickalis] understands that that is an obvious consequence of his decision to no longer defend." *See* Transcript of March 18, 2008, Status Conference, excerpts of which are annexed as Exhibit A hereto, at 14:1 – 14:13.

7. Mr. Mickalis was present throughout this telephonic conference, and Magistrate Judge Pollak specifically cautioned him: "I just want to make sure that you understand that if you do not have an attorney to represent Mickalis Pawn, then the City is going to move for a default and because corporations cannot appear in court without counsel, a default will enter." *Id.* at 17:3 – 17:7.

8. Later the same day, the Renzulli Law Firm confirmed to the Court by letter: "[W]e have advised Larry Mickalis … that if the motions [by Mickalis Pawn's three law firms] to withdraw as counsel … are granted that defendant will be without counsel and that the Court will enter default judgment against it. … Defendant [Mickalis Pawn] still intends to cease defending itself against the city's complaint in this Court, and, although it does not consent to the entry of default, has been informed that this court will enter default against it on that basis" (Document No. 609).

9. On March 27, 2008, the Court granted the three law firms' motions to withdraw, "based on Mickalis's consent and his acknowledgement of the potential consequences" of such withdrawal (Document No. 623). "The Court, having questioned Mr. Mickalis at the conference on March 18, 2008, has determined that [he] has made the decision to discontinue

any defense of Mickalis Pawn in this case." *Id.* at 1. "Mickalis Pawn is now in default." *Id.* at 4.

10. Accordingly, Mickalis Pawn is subject to the mandatory entry of a default against it. Fed.R.Civ.P. 55(a): "When a party against whom a judgment for affirmative relief is sought has failed to plead <u>or otherwise defend</u>, and that failure is shown by affidavit or otherwise, <u>the clerk must enter the party's default</u>." (emphasis added)

11. The City therefore respectfully requests that the clerk enter a default against defendant Mickalis Pawn Shop, LLC.

Eric Proshansky

Sworn to and subscribed before me
this 31st day of March 2008

Notary Public

MICHAEL J. MAY
Notary Public, State of New York
No. 24-4994296
Qualified in Kings County
Commission Expires March 30, 2010