UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                                  Plaintiff,

            -against-

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS; GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; VIRGINIA FIREARMS & TRANSFERS, INC.; WELSH PAWN SHOP, INC d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

06 CV 2233 (JBW) (CLP)

                                                  Defendants

------------------------------------------------------------------ x

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff, The City of New York (the "City") commenced this action (the "Action") on May 15, 2006 by filing a Complaint against Nancy Dailey d/b/a Peddler's Post ("Ms. Dailey") in the United States District Court for the Eastern District of New York and by filing an Amended Complaint on August 29, 2007;

**WHEREAS**, Ms. Dailey was served with the Amended Complaint on August 29, 2007;

**WHEREAS**, the parties desire to resolve this matter by an agreement that, consistent with Ms. Dailey's right to sell firearms as permitted by law, implements the most cost-

effective means of assuring that a firearm sold by Ms Dailey will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Ms Dailey hereby consents to the immediate entry of a permanent injunction to govern her sales, the terms of which shall be substantially identical to those set forth in paragraphs 2-14 below (the "Injunction").

2. Andrew Weissmann shall be appointed as Special Master by the Court The City shall compensate the Special Master for his fees and expenses The parties agree that the Special Master shall commence his monitoring responsibilities within thirty (30) days of the signing of this Stipulation and Settlement Agreement and shall commence his training responsibilities described in subparagraph 3(v) at his discretion, but no earlier than thirty (30) days after the date of this Stipulation and Settlement Agreement

3. During the Compliance Period (as that term is defined in paragraph 13 below, Ms. Dailey is required to (i) comply with all applicable laws and regulations pertaining to firearm sales; (ii) comply with the terms of this Stipulation and Settlement Agreement; and (iii) cooperate fully with the Special Master's monitorship.

4. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Ms. Dailey are made in full conformity with applicable laws and regulations, and that Ms Dailey has complied with this Stipulation and Settlement Agreement The Special Master shall be permitted to use all means within his discretion to conduct his monitorship, including, but not limited to, (i) in-store observation, including videotape surveillance; (ii)

records monitoring; (iii) random and repeated integrity testing; (iv) inspection of inventory; and (v) instructional programs designed to provide "best practices" sales training to all Ms. Dailey's employees involved in firearm sales.

5. Ms. Dailey agrees that the Special Master's responsibilities require access to all documentation regarding firearms sales and firearms in inventory, including, but not limited to, (i) acquisition and disposition books; (ii) ATF Forms 4473 (Firearm Sales Records); (iii) ATF Forms 3310.4 (Sale of Multiple Firearms Records); (iv) trace requests made by the ATF to Ms. Dailey, and (v) firearm customer and sales records, whether written or computerized. Ms. Dailey agrees to make such records available without restriction to the Special Master. Provided, however that, if the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") expressly prohibits Ms. Dailey from providing the above documents to the Special Master, she shall not be in violation of the Injunction for withholding such records.

6. The Special Master shall report his findings to the parties at least each quarter after being appointed, and serve a copy of same upon the parties. Such reports shall include a determination of whether Ms. Dailey has, to the knowledge of the Special Master, committed any Violations, as that term is defined in paragraph 8, below.

7. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a Violation has occurred, shall be submitted by the Special Master as a recommendation to the Court. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Ohio, or local law or regulation, shall be resolved by the Special Master. Any party has the right to contest before the Court any decision or practice of the Special Master on the

ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's reasonable attorney fees

8. For purposes of this Stipulation and Settlement Agreement, a 'Violation" shall have occurred if, as determined by the Special Master or Court as the case may be, after the date of the Stipulation and Settlement Agreement, (i) Ms. Dailey has sold a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser; (ii) Ms Dailey has otherwise sold a firearm in violation of federal, Ohio or local law or regulation; or (iii) Ms. Dailey has violated this Stipulation and Settlement Agreement or failed to cooperate with the Special Master's monitorship. Minor paperwork violations, including a purchaser completing a 4473 form with his or her middle initial instead of middle name, writing "Y" or "N" instead of "Yes" or "No", abbreviating "Ln" for "Lane," etc., shall not be considered a Violation for purposes of this Stipulation and Settlement Agreement. The Special Master may, in his discretion, refer Violations to the Court for the imposition of contempt sanctions

9. For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Ms Dailey is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

- 4 -

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Amended Complaint, for example, in Amended Complaint paragraphs 234-236 and a reasonable person would have recognized at the time of sale that a straw purchase was occurring.

10. After the date of this fully executed Stipulation and Settlement Agreement, if a final determination has been made (a final determination shall mean any recommendation or opinion of the Special Master that has been made in writing on a final basis and served upon the parties in accordance with the notice requirements provided in this Stipulation and Settlement Agreement and no objection has been filed with the Court), that a Violation has occurred, $500 shall be forfeited to the City as a penalty. For a second Violation, the amount to be forfeited shall be $1,000, and for a third or subsequent Violation, $1,500. Said amount shall become immediately payable to the City. Provided, however, that the Special Master in his sole discretion may deem a violation non-material in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction.

11. The Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction against Ms. Dailey, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be stayed as against Ms. Dailey.

12. The duties of the Special Master shall terminate upon attainment by Ms. Dailey of three consecutive years from the date of the Stipulation and Settlement Agreement without a Violation by Ms. Dailey and each of her employees and agents acting in their capacity as employees and agents of Ms. Dailey (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within thirty (30) days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the Action.

13. If, at any time before three years from the date of this Stipulation and Settlement Agreement, Ms. Dailey provides a sworn statement that she has disposed of her existing inventory of firearms, ceased selling firearms and surrendered her federal firearms license and does not intend to re-commence the selling of firearms ("Early Termination Certification"), then the parties hereto shall jointly move the Court to dismiss this action and terminate all of Ms. Dailey's responsibilities under this Agreement, including the requirement to undergo monitoring by the Special Master.

14. Ms. Dailey recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 13 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement. In the event that Ms. Dailey re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the sale of firearms, Ms. Dailey agrees to be bound by paragraphs 2 through 12 of this Stipulation and Settlement Agreement for a period of three (3) years following the commencement of sales by Ms. Dailey. In that event, paragraphs 2 through 12 of this Stipulation and Settlement Agreement shall be valid contractual obligations between the City and Ms. Dailey, enforceable as a contract in any court having personal and subject matter jurisdiction

15. Except for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party

16 Except as expressly reserved and stated herein, the City its agents, investigators and attorneys do hereby release and forever discharge Ms. Dailey, and her employees and Ms. Dailey, and her employees, release and discharge the City, its agents, investigators and attorneys, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided, however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties Ms Dailey denies liability for any damages due the City or to citizens of the City of New York, and intends merely to buy her peace This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this ___ day of February, 2008, have caused this Agreement to be executed by setting their hands and seals as follows.

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

NANCY DAILEY D/B/A PEDDLER'S POST
219 Draper Street
Washington Court House, Ohio 43160
By: Nancy Dailey

- 8 -