UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

THE CITY OF NEW YORK,

                            Plaintiff,

              -against-

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS; GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; VIRGINIA FIREARMS & TRANSFERS, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                            Defendants.

------------------------------------------------------------------------- X

06 CV 2233 (JBW) (CLP)

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff, The City of New York (the "City") commenced this action (the "Action") on May 23, 2006 by filing a complaint (the "Complaint") against Gallery Distributing Inc. ("Gallery") in the United States District Court for the Eastern District of New York and by filing an Amended Complaint on August 29, 2007;

**WHEREAS**, Gallery was served with the Amended Complaint on August 29, 2007;

**WHEREAS**, the parties desire to resolve this matter by an agreement that, consistent with Gallery's right to sell firearms as permitted by law, implements the most cost-

effective means of assuring that a firearm sold by Gallery will not be illegally possessed in New York City;

**WHEREAS**, Jay Fisher, CEO of Gallery, has expressed his strong interest in assisting the City in its efforts to eliminate the trafficking of illegal guns into the City, and has knowledge and experience that may be useful to the City in this regard;

**WHEREAS**, the parties desire to resolve this matter by an agreement that, consistent with Gallery's right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Gallery will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth in this Stipulation and Settlement Agreement, the parties agree as follows:

1. Gallery hereby consents to the immediate entry of a permanent injunction to govern its sales, the terms of which are set forth in paragraphs 3-19 below (the "Injunction").

2. Jay Fisher, CEO of Gallery, will, at his sole discretion and convenience, meet with representatives of the City to provide any and all information that Mr. Fisher believes will assist the City in halting the trafficking of illegal guns into the City. Moreover, to the extent that Mr. Fisher and the City believe that his testimony, including deposition testimony, before any court, legislative commission or law enforcement entity would be beneficial to the City, Mr. Fisher agrees to do so. Any expenses incurred by Mr. Fisher's assistance as contemplated in this paragraph shall be borne by the City.

3. An individual designated by the City shall be appointed as Special Master by the Court. The City shall compensate the Special Master for his fees and expenses. The parties agree that the Special Master shall commence his monitoring responsibilities within thirty

(30) days of the signing of this Stipulation and Agreement and shall commence his training responsibilities described in subparagraph 4(v) at the Special Master's discretion, but no earlier than thirty (30) days after the date of this Stipulation and Settlement Agreement.

4. During the Compliance Period (as that term is defined in paragraph 13 below), Gallery is required to (i) comply with all applicable laws and regulations pertaining to firearm sales; (ii) comply with the terms of this Stipulation and Settlement Agreement; and (iii) cooperate fully with the Special Master's monitorship.

5. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Gallery are made in full conformity with applicable laws and regulations, and that Gallery has complied with this Stipulation and Settlement Agreement. The Special Master shall be permitted to use all means within his discretion to conduct his monitorship, including but not limited to: (i) in-store observation, including videotape surveillance; (ii) records monitoring; (iii) random and repeated integrity testing; (iv) inspection of inventory; and (v) instructional programs designed to provide "best practices" sales training to all Gallery employees.

6. Gallery agrees that the Special Master's responsibilities require access to all documentation regarding firearms sales and inventory, including, but not limited to, (i) acquisition and disposition books; (ii) ATF Forms 4473 (Firearm Sales Records); (iii) ATF Forms 3310.4 (Sale of Multiple Firearms Records); (iv) trace requests made by the ATF to Miller; and (v) computerized firearm customer and sales records. Gallery agrees to make such records available without restriction to the Special Master.

7. The Special Master shall report his findings to the parties at least each quarter after being appointed, and serve a copy of same upon the parties. Such reports shall

include a determination of whether Gallery has, to the knowledge of the Special Master, committed any Violations, as that term is defined in paragraph 9, below.

8. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a Violation has occurred, shall be submitted by the Special Master as a recommendation to the Court. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Pennsylvania state law, or local law or regulation, shall be resolved by the Special Master. Any party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees.

9. On a date no later than sixty (60) days after the signing of this Stipulation and Settlement Agreement, Gallery shall post a performance bond in the amount of $500 in form and content satisfactory to the City.

10. For purposes of this Stipulation and Settlement Agreement, a 'Violation" shall have occurred if, as determined by the Special Master or Court as the case may be, (i) Gallery has sold a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser; (ii) Gallery has otherwise sold a firearm in violation of law or regulation; or (iii) Gallery has violated this Stipulation and Settlement Agreement or failed to cooperate with the Special Master's monitorship. The Special Master may, in his discretion, refer Violations to the Court for the imposition of contempt sanctions.

11. For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Gallery is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Amended Complaint, for example, in Amended Complaint paragraphs 144 and 147.

12. After the date of this fully executed Stipulation and Settlement Agreement, if a final determination has been made (a final determination shall mean any recommendation or opinion of the Special Master that has been made in writing on a final basis and served upon the parties in accordance with the notice requirements provided in this Stipulation and Settlement Agreement, and no objection has been filed with the Court), that a Violation has occurred, $500 shall be forfeited to the City as a penalty. For a second Violation, the amount to be forfeited shall be $1000, and for a third or subsequent Violation, $1500. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any Violation.

13.   The Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction against Gallery, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be stayed as against Gallery.

14.   The duties of the Special Master shall terminate upon attainment by Gallery of three consecutive years from the date of the posting of the Bond without a Violation by Gallery and each of its owners, employees and agents (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within thirty (30) days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action.

15.   Except as expressly reserved and stated herein, the City does hereby release and forever discharge Gallery, and their employees and Gallery, and their employees, release and discharge the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided, however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for

the purpose of avoiding future litigation between the parties. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this 14 day of February, 2008, have caused this Agreement to be executed by setting their hands and seals as follows.

                     _____
                     **MICHAEL A. CARDOZO**
                     Corporation Counsel of the City of New York
                     Attorney for Plaintiff
                     100 Church Street, Rm. 20-99
                     New York, New York 10007
                     (212) 788-1324

                     By: Eric Proshansky

                     _____

                     By: _____

                     _____

                     By: _____

ployees, release and discharge the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided, however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this 14 day of February, 2008, have caused this Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324

By: Eric Proshansky

GALLERY DISTRIBUTING, INC.

By: _____  Jay Fisher
Jay Fisher, President