UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE CITY OF NEW YORK,

                                Plaintiff,

         -against-

ADVENTURE OUTDOORS, INC.,

                              Defendant.

-----------------------------------------------------------------x

06-CV-2233 (JBW)(CLP)

**JUDGMENT GRANTING INJUNCTIVE RELIEF**

      **WHEREAS**, plaintiff the City of New York (the "City") filed a complaint in this action on May 15, 2006, and an amended complaint on August 29, 2007; and

      **WHEREAS**, on June 2, 2008, with the process of jury selection already underway and just days before trial presentations were to begin, counsel for Adventure Outdoors, Inc. ("Adventure Outdoors") moved to withdraw from its representation; and

      **WHEREAS**, on June 2, 2008, after its motion to withdraw was denied, counsel for Adventure Outdoors informed the Court that Adventure Outdoors would no longer defend itself in this action and understood that it would therefore be in default; and

      **WHEREAS**, and the Clerk of the Court entered a notation of Adventure Outdoors' default on September 24, 2008; and

      **WHEREAS**, the City has filed a Motion for Entry of a Default Judgment Against Adventure Outdoors;

      **THEREFORE**, upon the City's motion and all of the papers incorporated therein, it is hereby

      **DECLARED, ORDERED AND ADJUDGED AS FOLLOWS:**

1. Adventure Outdoors shall take the remedial measures set forth below, which the Court deems necessary to abate the public nuisance to which Adventure Outdoors' sales practices have contributed.

2. An individual designated by the Court shall be appointed as Special Master. The Special Master will commence his or her monitoring and training responsibilities within 30 days of the date of this Injunction. The City will compensate the Special Master for his or her fees and expenses incurred in connection with the activities described herein.

3. It will be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the effective date of this Order for Injunctive Relief (the "Injunction") forward, firearms sales by Adventure Outdoors are made in full conformity with applicable laws pertaining to firearms and that Adventure Outdoors adopts appropriate prophylactic measures to prevent violation of the firearms laws.

4. The Special Master will utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Adventure Outdoors; (iii) random and repeated integrity testing; (iv) inspection of Adventure Outdoors' inventory; and (v) instructional programs designed to provide "best practices" sales training to all Adventure Outdoors' employees involved in firearms sales.

5. The Special Master's responsibilities will require free access to all documentation regarding firearms sales and inventory in Adventure Outdoors' possession. Adventure Outdoors shall make all records pertaining to firearms and firearms sales in Adventure Outdoors' possession or control available to the Special Master without restriction.

6. The Special Master may retain such experts and assistants as he or she deems reasonably necessary to carry out the above responsibilities, the cost of which shall be a part of the Special Master's expenses to be paid by the City.

7. Adventure Outdoors shall adopt those practices that in the opinion of the Special Master serve to prevent the illegal sale of firearms. Adventure Outdoors shall also adopt those prophylactic practices that in the opinion of the Special Master will serve to prevent the movement of guns into the illegal market.

8. Adventure Outdoors' failure to cooperate with the Special Master shall constitute a violation of this Injunction. Actions, if any, by which Adventure Outdoors seeks to evade any of the requirement of this Order shall also constitute a violation of this Injunction, and be punishable as contempt.

9. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, State or local law or regulation, shall be resolved by the Special Master. Adventure Outdoors has the right to contest before this Court any decision or practice of the Special Master on the ground that the decision or practice is arbitrary and capricious. Any dispute involving a decision or practice of the Special Master shall be heard by the Court.

10. If Adventure Outdoors does not succeed in vacating the Special Master's decision or practice as arbitrary and capricious, it shall pay the Special Master's costs and attorneys' fees; provided, to a maximum of $10,000 per contest.

11. On or before a date fifteen (15) days after the date of this Injunction, Adventure Outdoors will file with the Court a performance bond in the amount of $25,000, in a form and content satisfactory to the City (the "Bond").

12. After the date of this Injunction, if Adventure Outdoors sells a firearm in a "Straw Purchase," or to an individual posing as a straw purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master, $500 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeited shall be $1,000, and for a third violation, $1,500. Said amount shall become immediately payable to the City from the Bond, and the Bond shall be promptly restored to its full amount after any violation.

13. For purposes of this Injunction, a "Straw Purchase" shall include the return of a pawned gun to anyone other than the person who pawned the gun. In addition, a straw purchase shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Adventure Outdoors is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master, including testimony by any person, indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially as described in the Amended Complaint filed in this action, for example, in paragraph 188.

14. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

15. This Injunction cannot be modified unless upon good cause shown.

16. The Court shall retain continuing jurisdiction over the parties and the subject matter of this Injunction to enforce its terms, including enforcement through the imposition of sanctions for contempt of court with respect to any failure to comply with the Injunction.

17. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Adventure Outdoors of three (3) consecutive years from the date of the posting of the Bond of full compliance by Adventure Outdoors and each of its owners, employees and agents, with applicable firearms laws and regulations and with the terms of the Injunction (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the City and Adventure Outdoors will jointly move the Court to dismiss this action. The motion to dismiss shall include the City's consent to termination of the Bond.

18. A violation of an applicable firearms law or regulation or of the terms of this Injunction as certified by the Special Master will re-commence the running of the three-year Compliance Period from the date of the violation.

19. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this injunction shall be binding upon Adventure Outdoors, Inc. and its officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of the default judgment by personal service or otherwise.

20. No costs or disbursements are granted to either party.

SO ORDERED.

*[signature]*

Jack B. Weinstein
Senior United States District Judge

Dated: March 23, 2009
      Brooklyn, New York