UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CITY OF NEW YORK,

                    Plaintiff,

              - against -

A-1 JEWELRY & PAWN, INC., et al.,

                  Defendants.
-------------------------------------------------------X

**O R D E R**

06 CV 2233 (JBW)

By letter dated April 13, 2009, plaintiff The City of New York asked the Court to unseal

the transcript of an ex parte proceeding held before this Court on March 18, 2008 in connection

with the appeal brought by defendant Mickalis Pawn Shop, LLC ("defendant") from a default

judgment entered in this case on March 23, 2009. In order to ensure that Mr. Mickalis received a

copy of the plaintiff's April 13, 2009 letter, this Court directed plaintiff's counsel to serve a copy

of the letter not only on defendant's appellate counsel,[1] but also on defendant's principal, Larry

Mickalis, himself. The Court's Order directing service on Mr. Mickalis personally also set a

schedule by which Mr. Mickalis was to respond "no later than 15 days following the date on

which Mr. Mickalis is served with [plaintiff's] letter."

On April 16, 2009, plaintiff filed a declaration stating that Mr. Mickalis had been served

on April 13, 2009, by certified mail with a copy of the letter. Defendant's response was therefore

---

[1]As Mickalis' appellate counsel properly notes, the Kahn Law Firm is not an agent for
service of process on Larry Mickalis individually, nor is the firm counsel to defendant in this
action, having been relieved at Mr. Mickalis' request from further representing him in the case
before this Court. Thus, because there have been questions raised in the past as to receipt of
correspondence from this Court and the City, the Court took the added precaution of requiring
plaintiff to send a copy of its letter request directly to Mr. Larry Mickalis, in addition to
providing a copy to Mickalis' appellate counsel.

due on April 28, 2009. Plaintiff also indicated that defendant's appellate counsel was served by certified mail with a copy of the letter. On May 14, 2009, having received no objection from Mr. Mickalis, the Court issued an Order unsealing the transcript.

By letter dated May 21, 2009, Mr. Mickalis now writes to the Court to complain that plaintiff failed to comply with the Court's April 16 Order and failed to properly serve its letter requesting that the transcript be unsealed. Specifically, Mr. Mickalis objects that "I have not signed any certified mail receipt related to [plaintiff's letter]" and that "[i]f you have required the City of New York to personally serve me with a copy of its . . . letter, then they have not done so." He requests that plaintiff provide him with "a copy of the certified mail green card and affidavit of service that they claim represents personal service on me concerning its April 13, 2009 letter," and asks the Court to vacate its Order unsealing the transcript.

By letter dated May 22, 2009, defendant's appellate counsel, Justin S. Kahn, Esq., also writes to protest that although the Court indicated in the May 14 Order that plaintiff "indicated that defendant's appellate counsel was served by certified mail with a copy of the letter," he has "looked through my file and do not see that I signed any certified mail from [plaintiff] on April 13, 2009." Indeed, in a subsequent letter dated May 27, 2009, Mr. Kahn indicates that the Court made an inaccurate factual finding that his firm received documents on April 13, 2009.[2]

There appear to be two issues in dispute: 1) the meaning of this Court's order that the City "personally serve Larry Mickalis;" and 2) whether the City actually did serve Mr. Mickalis and appellate counsel in accordance with the Court's Order.

---

[2]A close reading of this Court's May 14 Order demonstrates a misreading by defendant's counsel. The Order states: "On April 16, 2009, plaintiff filed a declaration stating that Mr. Mickalis had been served on April 13, 2009. . . ."

With respect to the first question, this Court's Order was merely intended to insure that Mr. Mickalis received a copy of the City's letter and was given an opportunity to respond. There was no intention on the part of this Court to require formal "personal service" in accordance with the Federal Rules. Accordingly, the Court finds that the City's method of service by certified mail was sufficient to comply with the Court's directive.

As to the second issue, on May 26, 2009, plaintiff responded to defendant's and counsel's letters by submitting copies of U.S. Postal Service return receipt postcards which, although not personally signed by Mr. Mickalis or Mr. Kahn, clearly indicate delivery at their respective addresses on April 18, 2009.[3] Plaintiff also submits printouts from the U.S. Postal Service "Track & Confirm" website which confirm delivery of letters sent by Certified Mail on April 18, 2009, at the zip codes of Mr. Mickalis and Mr. Kahn. The printouts contain tracking numbers which correspond to the two return receipts. Indeed, neither Mr. Mickalis nor Mr. Kahn complain that they did not actually receive a copy of plaintiff's letter — only that they did not themselves sign for the letter.

Even if service is understood to have been completed on the date the letter was delivered to Mr. Mickalis, defendant's response was due May 4, 2009 — a full ten days before the Court issued its Order unsealing the transcript. However, despite delivery of the letter to both counsel's and Mr. Mickalis' addresses, no such response was received, either before or after May 4. Indeed, other than challenging the method of service of the letter, to date, defendant has expressed no substantive objections to the unsealing of the transcript, nor provided any other

---

[3]The mail receipts indicate that they were signed by others — specifically, Robby Williams at Mr. Mickalis's address and an individual named Chip (the last name is illegible) at Mr. Kahn's address.

reason for vacating the unsealing Order. Since defendant clearly received notice of plaintiff's request and still has registered no substantive objections, the Court's May 14 Order was properly issued and Mr. Mickalis's request that the Court vacate the Order is denied.

**SO ORDERED**.

Dated: Brooklyn, New York
      May 28, 2009

_____
Cheryl L. Pollak
United States Magistrate Judge

4