UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                    Plaintiff,

           -against-

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS; GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; VIRGINIA FIREARMS & TRANSFERS, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                                    Defendants.

06 CV 2233 (JBW) (CLP)

------------------------------------------------------------------- x

## AMENDMENT TO THE STIPULATION AND SETTLEMENT AGREEMENT BETWEEN THE CITY OF NEW YORK AND DUNKELBERGER'S SPORTS OUTFITTERS

        **WHEREAS**, The City of New York (the "City") and Dunkelberger's Sports Outfitters ("Dunkelberger's") entered into a Stipulation and Settlement Agreement (the "Agreement") on September 12, 2006, which was "So Ordered" on October 3, 2007;

        **WHEREAS**, the City and Dunkelberger's have agreed to certain modifications to the penalty-related provisions of the Agreement only, consistent with Agreement's purpose of assuring that firearms sold by Dunkelberger's will not be illegally possessed in New York City;

**WHEREAS**, the City and Dunkelberger's are of the view that any changes to the Agreement, a court-ordered document, must be presented to the ordering Court for its consideration and approval;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth in the Agreement, and in consideration of the mutual promises and covenants by the parties made in connection with this Amendment To The Stipulation and Settlement Agreement Between The City of New York and Dunkelberger's Sports Outfitters (the "Amendment"), the parties agree as follows:

1. Except as expressly provided for in this Amendment, the Agreement is unchanged.

2. Paragraph 4 of the Agreement is amended to add the following:

Dunkelberger's further agrees to (i) videotape the point-of-sale of all firearms transactions and maintain videos for 6 months; (ii) maintain a computerized sales log and alert system that tracks crime gun traces relating to its store, sales denied by NICS, multiple hand gun sales, and sales of cheaply manufactured "Saturday Night Specials" and other guns commonly used in crimes (the system will alert the store when a customer who has a prior trace, was denied sale, or purchased multiple hand guns or common crime guns, attempts to purchase a firearm, and the retailer would have discretion to proceed with the sale or stop the sale); (iii) for sales flagged by the Sales Log and Alert System, Dunkelberger's will have purchasers fill out a declaration indicating that they meet the legal requirement to purchase the firearm; (iv) only accept valid federal- or state-issued picture IDs as primary identification and will utilize additional ID checking mechanisms; (v) signage to alert customers of their legal responsibilities at the point-of-sale; (vi) conduct criminal background checks for all employees selling or handling firearms; (vii) conduct daily and quarterly audits; (viii) prohibit sales based on "default proceeds" under the NICS system; and (ix) maintain firearms kept in customer accessible areas in locked cases or locked to racks.

3. Paragraph 7 of the Agreement is deleted in its entirety and the following is substituted as paragraph 7 of the Agreement:

> Within ten (10) business days following receipt of a written demand by the City, Dunkelberger's shall file with the Court a performance bond in the amount of $10,000 in a form and content satisfactory to the City (the "Bond"). The failure of Dunkelberger's to post the Bond shall constitute a violation of this Stipulation and Settlement Agreement for purposes of imposing a penalty pursuant to paragraph 8 of this Stipulation and Settlement Agreement.

4. Paragraph 8 of the Agreement is deleted in its entirety and the following is substituted as paragraph 8 of the Agreement:

> After the date of this Amendment, if Dunkelberger's sells a firearm (i) to a "Straw Purchaser," as that term is defined below, or (ii) to an individual posing as a Straw Purchaser, or (iii) to an individual otherwise prohibited from purchasing a firearm pursuant to any Federal, State or local law or regulation, all as determined by the Special Master, Dunkelberger's shall forfeit $1,000 to the City as a penalty, regardless of when that first violation occurred. For a second violation, the amount forfeited shall be $15,000, and for a third violation, $20,000. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

5. Paragraph 14 of the Agreement is deleted in its entirety and the following is substituted as paragraph 14 of the Agreement:

> Subject to paragraph 15, the training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate three (3) years from the date this Amendment is "So Ordered," provided that for termination to occur, the Special Master must have certified in writing that Dunkelberger's, and each of its owners, employees and agents, has complied with all applicable firearms laws and regulations and with paragraphs 2-8 of the Agreement. The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that such compliance is certified, the parties hereto shall jointly move the Court to dismiss this action. The motion to dismiss shall include the City's consent to termination of the Bond.

The parties intending to be legally bound this 3rd day of June 2009, have caused this

Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

_____
Dunkelberger's Sports Outfitters
By: _____
Jere Dunkelberger