```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 07 2011 ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

THE CITY OF NEW YORK,

                              Plaintiff,

        -against-

ADVENTURE OUTDOORS, INC.,

                              Defendant.

----------------------------------------------------------x

06-CV-2233 (JBW) (CLP)

**AMENDED JUDGMENT GRANTING INJUNCTIVE RELIEF**

It is hereby **DECLARED, ORDERED AND ADJUDGED AS FOLLOWS:**

1. Adventure Outdoors, Inc. ("Adventure Outdoors") shall take the remedial measures set forth in this Amended Judgment Granting Injunctive Relief (the "Injunction"), which the Court deems necessary to abate the public nuisance in the City of New York (the "City") to which Adventure Outdoors's handgun sales practices have contributed.

2. Peter B. Pope, Esq., is appointed by the Court as Special Master for this matter. The Special Master will commence his monitoring and training responsibilities at Adventure Outdoors within thirty (30) days of the date of this Injunction. The City will compensate the Special Master for his fees and expenses incurred in connection with the activities described herein.

3. In the manner set forth specifically herein in paragraphs 4 through 6, the Special Master shall ensure, to the fullest extent practicable, that from the effective date of this Injunction, handgun sales by Adventure Outdoors are made in a manner that ensures that the purchaser is the "actual buyer" of the handgun. A person is the "actual buyer" of the handgun if he is purchasing the handgun for himself or otherwise acquiring the handgun for himself (e.g., redeeming the handgun from pawn/retrieving it from consignment, handgun raffle winner), or is



legitimately purchasing the handgun as a gift for a third party. Handgun transactions in which the buyer is not the "actual buyer" of the handgun as that term is defined above are designated herein as "Straw Purchases," unless Adventure Outdoors had been affirmatively instructed to make the sale by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), or another law enforcement agency with jurisdiction over Adventure Outdoors.

4.      To the extent permitted by law, the Special Master may utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including, but not limited to, all handgun trace requests made by ATF to Adventure Outdoors; (iii) random and repeated integrity testing; (iv) inspection of Adventure Outdoors's handgun inventory; and (v) instructional programs designed to provide instruction to all employees of Adventure Outdoors who are involved in handgun sales in recognizing and avoiding Straw Purchases.

5.      The Special Master's responsibilities will require free access to all documentation regarding handgun sales by Adventure Outdoors after the date of this Injunction, and all handguns in its inventory after the date of this Injunction. Adventure Outdoors shall make all records in its possession, custody or control pertaining to its handgun sales on or after the date of this Injunction available to the Special Master without restriction. If Adventure Outdoors is affirmatively instructed to withhold specific records from the Special Master by the ATF or another law enforcement agency with jurisdiction over Adventure Outdoors, it shall notify the Court through a filing under seal. The Special Master and his employees and consultants shall treat all of Adventure Outdoors's records as confidential and shall not disclose them to anyone, including, but not limited to, the City. If it is necessary to provide any of

Adventure Outdoors's records to the Court to support an alleged violation of the terms of this Injunction, such records shall be filed under seal.

6. A Straw Purchase shall have occurred if, as determined by the Court based on Report and Recommendation from the Special Master concluding that a Straw Purchase occurred,

> (i) Any buyer of a handgun from Adventure Outdoors is arrested for, indicted for, or pleads guilty to a violation of 18 U.S.C. §§ 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 on or after the date of this Injunction that such person was the "actual buyer" of the handgun and a reasonable salesperson would have recognized the purchase as a Straw Purchase at the time; or
>
> (ii) Review of videotapes or store records or other monitoring by the Special Master, including testimony by any person, indicates that a Straw Purchase occurred on or after the date of this Injunction and that a reasonable salesperson would have recognized the purchase as a Straw Purchase at the time.

7. The Special Master may retain such experts and assistants as he deems reasonably necessary to carry out the responsibilities set forth in paragraphs 3 and 4 of this Injunction, the cost of which shall be a part of the Special Master's expenses to be paid by the City.

8. On or before a date fifteen (15) days after the date of this Injunction, Adventure Outdoors shall file with the Court a performance bond in the amount of $5,000 in a form and content satisfactory to the City (the "Bond").

9. After the date of this Injunction, if Adventure Outdoors sells a handgun in what the Special Master believes to be a Straw Purchase, the Special Master shall issue a Report and Recommendation to the Court. The Court shall then determine, by a preponderance of the evidence, whether the sale or transaction was a Straw Purchase. If the Court determines that a Straw Purchase has occurred, $500 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeited shall be $1,000, and for a third and any subsequent violation, $1,500. Said amount shall become immediately payable to the City from the Bond, and the Bond shall be promptly restored to its full amount after any violation.

10. The Special Master shall report to the Court and the parties in full any findings made pursuant to this Injunction, and such reports shall be made at least each quarter following the date of this Injunction.

11. This Injunction can only be modified for good cause.

12. The Court shall retain continuing jurisdiction over the parties and the subject matter of this Injunction to enforce its terms, including enforcement through the imposition of sanctions for contempt of court with respect to any failure to comply with the Injunction.

13. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Adventure Outdoors of three (3) consecutive years from the date of the posting of the Bond of full compliance by Adventure Outdoors with the terms of the Injunction (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within thirty (30) days of the close of the putative Compliance Period. In the event that compliance is certified, the City and Adventure Outdoors will jointly move the Court

to dismiss this action. The motion to dismiss shall include the City's consent to termination of the Bond. A finding of non-compliance shall be reviewed by the Court. If reversed, the Court shall dismiss the action and order the Clerk of the Court to terminate the Bond.

14. A violation of the terms of this Injunction, as certified by the Special Master and affirmed by the Court, will re-commence the running of the three-year Compliance Period from the date of the violation.

15. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Injunction shall be binding upon Adventure Outdoors and its officers, agents, servants, employees, and all other persons who are in active concert or participation with them, who receive actual notice of this Injunction by personal service or otherwise.

16. The Special Master is not authorized to make actual or simulated straw purchases.

17. No costs or disbursements are granted to either party.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: 10/26, 2011
Brooklyn, New York

- 5 -