FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 17 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                        Plaintiff,

    -against-                                   06 CV 2233 (JBW) (CLP)

A-1 JEWELRY & PAWN, INC.; ADVENTURE OUTDOORS, INC.; COLE'S GUN SHOP, INC.; DUNKELBERGER'S SPORTS OUTFITTERS, GALLERY DISTRIBUTING INC.; GREG L. DRIGGERS d/b/a AAA Gun & Pawn Brokers; THE GUN STORE, INC.; HAROLD W. BABCOCK, JR. d/b/a Webb's Sporting Goods; JAMES THOMAS FARMER d/b/a Jim's Guns and Whatever; MICKALIS PAWN SHOP, LLC; NANCY DAILEY d/b/a Peddler's Post; OLD DOMINION GUNS & TACKLE, INC.; PATRIOT SERVICES, INC.; WELSH PAWN SHOP, INC. d/b/a Big Tom's Pawn Shop; WOODROW C. HOLMAN III d/b/a Woody's Pawn Shop,

                        Defendants.

------------------------------------------------------------------ x

## AMENDED SETTLEMENT AGREEMENT

       **WHEREAS**, plaintiff, The City of New York (the "City") commenced this action on May 15, 2006, by filing a complaint against Nancy Dailey d/b/a Peddler's Post in the United States District Court for the Eastern District of New York and by filing an Amended Complaint on August 29, 2007;

       **WHEREAS**, Ms. Dailey was served with the Amended Complaint on August 29, 2007;

       **WHEREAS**, the City and Ms. Dailey entered into a Stipulation and Settlement Agreement (the "Settlement Agreement") dated February 28, 2008, which was So Ordered by



the Court on April 29, 2008 (copy attached as Exhibit 1), providing, *inter alia*, for a court-appointed Special Master to monitor Ms. Dailey's firearms sales until at least February 22, 2011; and

**WHEREAS**, on February 19, 2011, the Special Master issued a final order (the "Order," copy attached as Exhibit 2) which determined, *inter alia*, that Ms. Dailey and her husband Aaron Dailey (the "Daileys") had engaged in firearms sales and other conduct in violation of the Settlement Agreement, and which unless modified, extends the monitorship of Ms. Dailey's firearms sales to April 7, 2013 and impose a fine of $87,000.00; and

**WHEREAS**, the Daileys' federal firearms license ("FFL") is expected to expire on or around July 11, 2011. The Daileys expect that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") will not renew the Dailey's FFL; and

**WHEREAS**, the parties intend the Special Master to continue during the Compliance Period (defined below) to monitor all firearms transferred to the Daileys as a result of the expiration of the Dailey's FFL, while excluding the Daileys' presently existing personal collection of firearms, as it exists on the date of this Amended Settlement Agreement, from such monitoring; and

**WHEREAS**, the parties desire to resolve all issues arising out of the Order, and incorporate that resolution into this Amended Settlement Agreement (the "Amended Agreement"), by agreement and without further litigation;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

    1.    This Amended Agreement amends the Settlement Agreement.

2. The signatories to the Amended Agreement are The City of New York, and the Daileys. For purposes of the Amended Agreement, the term "the Daileys" shall include Nancy Dailey individually, Aaron Dailey individually, and Nancy and Aaron Dailey jointly and d/b/a Peddler's Post.

3. Whether or not the ATF renews the Daileys' FFL, the Daileys shall cease the sale of handguns, directly or indirectly, on or before 12:01 o'clock a.m., July 12, 2011, for a period of at least three years, subject to the exceptions detailed in Paragraphs 5, 6, 7, 8, 9 and 10 hereof. Should their current firearms license terminate, the Daileys will not attempt, either directly or indirectly, without the approval of the City, to obtain an FFL for a period of three years (or longer should law provide otherwise) from the date on which this Amended Agreement is fully executed.

4. The Daileys shall promptly notify the Special Master and the City in writing as to the outcome of the ATF's decision regarding renewal of the Daileys' FFL and shall promptly provide the Special Master and the City with copies of any correspondence to or from the ATF regarding the license expiration/renewal.

5. Should the Daileys find the means to dispose of all or part of the Inventoried Firearms (as defined below) to an FFL as permitted under federal, state and local law, they will promptly provide the Special Master and the City, in writing, with the name and FFL number of the individual or company that is to take possession of their inventory, and a copy of the inventory to be transferred.

6. In the event that the Daileys remain federally licensed to sell firearms after July 11, 2011, any sale of long guns will be pursuant to federal, Ohio state and local laws and subject to the monitorship outlined below.

7. Except for the right to continue to sell long guns pursuant to paragraph 6 hereof, or a sale or consignment of firearms to an FFL as provided in paragraph 5 hereof, the Daileys shall not be engaged in the business of selling firearms as that term is defined in 18 U.S.C. § 921(a)(21)(C) after July 11, 2011.

8. Within five (5) days of the complete execution of this Amended Settlement Agreement the Daileys shall promptly provide to the Special Master and the City a written inventory of all firearms, including handguns, transferred to the Daileys' personal collection at the time the FFL held by the Daileys expires or is/was terminated, (the "Inventoried Firearms"). The "Inventoried Firearms" shall remain subject to the restrictions set forth herein and the oversight of the Special Master. The Daileys shall be required to provide to the Special Master no less than twice per calendar year during the Compliance Period (as defined below) a summary of the Inventoried Firearms sold or otherwise transferred from the Daileys' personal collection, together with a statement under oath that all sales or transfers of Inventoried Firearms during the period complied with federal, Ohio state and local law and regulation and that all Inventoried Firearms not sold or transferred during the period remain in his possession.

9. With respect to the Inventoried Firearms, the Daileys shall not knowingly, directly or indirectly (i) sell any firearm that is not from the Daileys' personal collection as that term is defined under federal, Ohio state or local law; (ii) sell more than two (2) handguns to the same individual during any thirty (30) day period; (iii) sell more than fifteen (15) handguns in any thirty day period; (iv) sell any handgun to an individual that the Daileys know or have reason to believe is a prohibited purchaser, including but not limited to straw purchasers; (v) sell any handgun to an individual without first verifying the person's age and state of residence by reviewing a driver's license or other state or federally issued identification and obtaining from

said person the information typically contained in ATF Form 4473; or (vi) knowingly sell any handgun to an individual that the Daileys know or have reason to believe will then transport the handgun out of state for re-sale.

10. Except for the Inventoried Firearms, and subject to the proviso of paragraph 7 hereof that the Daileys shall not be engaged in the business of selling firearms as that term is defined in 18 U.S.C. § 921(a)(21)(C) after July 11, 2011, the Daileys may buy, sell or trade firearms, including handguns, from their now-existing personal collection as permitted by federal, Ohio state and local law and regulation without any restriction or oversight of the City or Special Master.

11. Firearms sales made by the Daileys, if any, during the three year period commencing July 11, 2011 and terminating July 10, 2014 (the "Compliance Period), including but not limited to the Daileys' sale or transfer of Inventoried Firearms but excluding all other sales or transfers from the Daileys' personal collection, will be monitored by a Court-appointed Special Master. With the exception of the Inventoried Firearms, the Special Master's monitorship shall not extend to the Daileys' sale of firearms from their personal firearms collection.

12. Andrew Weissmann, Esq., has been appointed by the Court as Special Master for this matter. The Special Master will retain his monitoring and training responsibilities with respect to the Daileys except as set forth herein. The City will compensate the Special Master for his fees and expenses incurred in connection with the activities described herein.

13. During the Compliance Period (as that term is defined in paragraph 11 above), the Daileys are required to (i) comply with all applicable federal, Ohio state and local laws and regulations pertaining to firearm sales; (ii) refrain from selling handguns, except as

provided by this Amended Agreement; (iii) comply with the terms of this Amended Agreement; and (iv) cooperate fully with the Special Master's monitorship.

14. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Amended Agreement forward until the end of the Compliance Period that the Daileys are in full compliance with this Amended Agreement. The Special Master shall be permitted to use all means within his discretion to conduct his monitorship, including but not limited to: (i) in-store observation, including videotape surveillance; (ii) records monitoring; (iii) random and repeated integrity testing; (iv) inspection of in-store inventory; and (v) instructional programs designed to provide "best practices" sales training to the Daileys and their employees. With respect to firearms, including handguns, subject to this Amended Agreement, the Special Master's duties are to ensure, to the fullest extent practicable, that any conveyances of firearms by the Daileys to another person or entity are made in full conformity with applicable law, regardless of whether those firearms are conveyed through federally licensed sales or otherwise.

15. The Daileys agree that the Special Master's responsibilities require access to all documentation regarding Inventoried Firearms sales and inventory to the extent it exists at the time of the execution of this Amended Settlement Agreement, including, but not limited to, (i) acquisition and disposition books; (ii) ATF Forms 4473 (Firearm Sales Records); (iii) ATF Forms 3310.4 (Sale of Multiple Firearms Records); (iv) trace requests made by the ATF to the Daileys; and (v) computerized firearm customer and sales records. The Daileys agree to make such records available without restriction to the Special Master.

16. The Special Master shall report his findings to the parties at least twice per year going forward, and serve a copy of same upon the parties. Such reports shall include a

determination of whether the Daileys have, to the knowledge of the Special Master, committed any Violations, as that term is defined in Paragraph 18 below.

17. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a Violation has occurred, shall be submitted by the Special Master as a recommendation to the Court following the objection period defined below. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of federal, Ohio state, or local laws or regulations, shall be resolved by the Special Master. Any party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the contesting party shall pay the other party's attorney fees.

18. For purposes of this Amended Agreement, a 'Violation" shall have occurred if, as determined by the Special Master or Court as the case may be, (i) the Daileys have sold a firearm to a "Straw Purchaser, as that term is defined below, or to an individual posing as a Straw Purchaser; (ii) the Daileys have otherwise sold a firearm in violation of law or regulation; or (iii) the Daileys have violated this Amended Agreement or failed to cooperate with the Special Master's monitorship. The Special Master may, in his discretion, refer Violations to the Court for the imposition of contempt sanctions.

19. The performance bond already posted by the Daileys shall remain on deposit with the court during the Compliance Period. At the conclusion of the Compliance

Period the bond shall be released to the Daileys if no Violation has been committed requiring use of the bond.

20.     For purposes of this Amended Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) any buyer is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) arising from the sale by the Daileys on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the City's Amended Complaint, for example, in Amended Complaint paragraphs 234-236.

21.     After the date of this fully executed Amended Agreement, if a final determination has been made that during the Compliance Period a Violation has occurred, $1,000.00 shall be forfeited to the City as a penalty. A "final determination" shall mean any recommendation or opinion of the Special Master that has been made in writing on a final basis and served upon the parties in accordance with the notice requirements provided in this Amended Agreement, and the time for filing an objection has expired and no objection has been filed with the Court, as well as any order of the Special Master which has not been successfully

challenged before the Court. A "final determination" shall also include any order of the Court which has been upheld over any objection or appeal of any party.

22. In addition, a final determination of a Violation shall result in the Compliance Period of this Amended Agreement being extended for an additional term of three years from the date of such Violation, or the date of the last such violation in the case of multiple Violations. The Compliance Period shall also be extended an additional three years in the event that:

(i) The Daileys resume the federally licensed sale of handguns before the expiration of the three-year period outlined in Paragraph 11 above, or, without the approval of the City, attempt to obtain a FFL before the expiration of the three-year period; or

(ii) The Daileys sell Inventoried Firearms from their personal collection in violation of the terms outlined in Paragraph 9 (i) – (vii).

23. For a second Violation, the amount to be forfeited shall be $2,000.00, and for a third or subsequent Violation, $3,000.00. Said amount shall become immediately payable to the City, and the Bond shall be promptly restored to its full amount after any Violation.

24. The Court shall retain continuing jurisdiction over the parties and the subject matter of the Amended Agreement to enforce the terms of the Amended Agreement against the Daileys, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction.

25. The duties of the Special Master shall terminate upon attainment by the Daileys of three consecutive years from the date of the posting of the Bond without a Violation by the Daileys, i.e. the Compliance Period. The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within thirty (30) days of

the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss this action as against Ms. Dailey. The motion to dismiss shall include the City's consent to termination of the Bond.

26. The parties agree that in full satisfaction of the Order, the Daileys have made payment in the amount of $1,000.00 to the City and the City agrees to forego its right to payment of any remaining amount imposed by the Order.

The parties intending to be legally bound this 22 day of September 2011, have caused this Amended Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-099
New York, New York 10007
(212) 788-1324

By: Eric Proshansky

_____
NANCY DAILEY
c/o Peddler's Post
219 Draper Street
Washington Court Hose, Ohio 43160

_____
AARON DAILEY
c/o Peddler's Post
219 Draper Street
Washington Court Hose, Ohio 43160

SO ORDERED:

_____
United States District Judge
10/28/11

- 10 -