UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CITY OF NEW YORK,

        Plaintiff,

- against -

A-1 JEWELRY & PAWN, INC., et al.,

        Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 0 2 2012 ★
BROOKLYN OFFICE

**REPORT &
RECOMMENDATION**

06 CV 2233 (JBW)

*[handwritten annotation: No objection having been made in a timely manner, the report is accepted and made the order of the court. The city shall submit a formal injunction promptly without a hearing. 5/1/12]*

On May 15, 2006, the City of New York ("the City") initiated this action against fifteen federally licensed retail firearms dealers throughout the United States, including Adventure Outdoors, Inc. ("Adventure Outdoors") and Mickalis Pawn Shop, LLC ("Mickalis Pawn"), alleging that the dealers intentionally or negligently sold firearms in a manner susceptible to illegal trafficking.[1] See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011). On March 24, 2009, the court granted default judgment and permanent injunctions in favor of the City. City of N.Y. v. Mickalis Pawn Shop, LLC, No. 06 CV 2233, 2009 WL 792042, at *1 (E.D.N.Y. Mar. 23, 2009).

On May 4, 2011, the United States Court of Appeals for the Second Circuit vacated certain injunctions issued in this case and remanded the case for further proceedings. City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d at 149-52. On May 27, 2011, the Honorable Jack B. Weinstein referred the matter to the undersigned to conduct a hearing and prepare a Report and Recommendation.[2] After considering the parties' submissions, as well as the Special Master's contributions, on August 31, 2011, this Court respectfully recommended that the district

---

[1] The Court assumes familiarity with the factual background, which is set forth more fully in City of New York v. A-1 Jewelry & Pawn, Inc., 501 F. Supp. 2d 369 (E.D.N.Y. 2007).

[2] The Court assumes familiarity with the procedural background as well, which is described in greater detail in the undersigned's August 30, 2011 Report and Recommendation.

court adopt the City's Proposed Amended Injunction, in accordance with the revisions suggested within the undersigned's Report and Recommendation, as consistent with both the aims of the original injunction as well as the requirements of the Federal Rules of Civil Procedure. (See Docket Entry # 940). Although defendant Mickalis Pawn joined in the appeal to the Second Circuit, the undersigned's August 30, 2011 Report and Recommendation dealt only with the terms of the injunction against Adventure Outdoors. (See id.) The Court now issues a separate Report and Recommendation regarding the injunction against Mickalis Pawn.

### A. The Adventure Outdoors Injunction

On September 14, 2011, defendant Adventure Outdoors timely filed its objections to the undersigned's Report and Recommendation. (See Docket Entry # 944). Defendant Mickalis Pawn filed no papers at that time. Instead, by joint letter dated September 16, 2011, defendants Adventure Outdoors and Mickalis Pawn notified the Court that "[t]he City and Mickalis Pawn agree that, in the interests of judicial economy, it makes sense for the parties to await the outcome of Judge Weinstein's consideration of Adventure Outdoors' objections before Your Honor considers the terms of the Amended Injunction against Mickalis Pawn." (Docket Entry # 945). Accordingly, the parties requested that the deadline for Mickalis Pawn to respond to the City's proposed amended injunction be adjourned until after Judge Weinstein issued his decision regarding the terms to be applied to Adventure Outdoors. (Id.) The Court granted this request that same day. (See Docket Entry # 946).

On October 7, 2011, Judge Weinstein heard oral argument on defendant Adventure Outdoors' objections, and subsequently ordered that the undersigned's Report and Recommendation be modified as stated on the record. (See Docket Entry # 960). On October 13, 2011, Adventure Outdoors submitted its proposed amended judgment granting injunctive

2

relief (see Docket Entry # 952), which, by Order dated October 18, 2011, the court directed the parties to revise and resubmit according to the court's modifications. (See Docket Entry # 954). On November 4, 2011, the court issued its amended judgment granting injunctive relief in regard to Adventure Outdoors. (See Docket Entry # 962).

B. The Mickalis Pawn Injunction

By letter dated December 13, 2011, Mr. Larry Mickalis sought to "inform the Court that an injunction should not be issued against Mickalis Pawn Shop, LLC because there is nothing to enjoin. Mickalis Pawn Shop, LLC is no longer operating, selling guns nor does it possess an FFL." (Mickalis Let.[3] at 1). Mr. Mickalis explained that the shop's federal firearms license ("FFL") was terminated in February of 2009, and that he no longer possesses an FFL either. (Id.) Accordingly, he contends that "there is nothing for the Court to do in terms of issuing an injunction and there is nothing to monitor or supervise that concerns the sale or pawning of guns and Mickalis Pawn Shop, LLC." (Id.)

The City responded by letter dated December 15, 2011, noting that Mr. Mickalis' letter was unsworn, and that Mickalis Pawn "has been in continuing default of its obligation to be represented by counsel in these proceedings." (City Let.[4] at 1). "Accordingly, Mr. Mickalis' continued attempt to 'represent' the limited liability company in these proceedings is improper." (Id.) Moreover, the City argues that "[a] revised injunction should issue because, even if what Mr. Mickalis says is true with regard to sales of handguns by Mickalis Pawn, there is no guarantee that Mr. Mickalis is not now or would not in the future attempt to operate a business

---

[3]Citations to "Mickalis Let." refer to the letter filed by Mr. Larry Mickalis on December 13, 2011.

[4]Citations to "City Let." refer to the letter filed by Eric Proshansky, counsel for the City, on December 15, 2011.

3

selling handguns under a federal firearms license issued to a person under Mr. Mickalis' direction and control." (Id. at 2). This Court agrees with the City's position and therefore finds that an injunction against Mickalis Pawn is appropriate.

Attached to its December 15, 2011 letter, the City submitted its proposed revised injunction pertaining to Mickalis Pawn, titled "Amended Judgment Granting Injunctive Relief." (City Let., Ex. A). The City's proposed Mickalis Pawn injunction is essentially identical to the approved revised injunction for Adventure Outdoors. (Compare Docket Entry # 962 with City Let., Ex. A). The only material respect in which the proposed injunction for Mickalis Pawn differs from the approved injunction for Adventure Outdoors is that the proposed revised injunction for Mickalis Pawn allows the Special Master to conduct simulated straw purchases, whereas the approved revised injunction for Adventure Outdoors does not. (Id.) Adventure Outdoors' objection to the injunction authorizing the Special Master to conduct simulated straw purchases was based on Georgia Code § 16-11-113, which it argued prohibited such a tactic in these circumstances. (See Docket Entries ## 944, 960). In the October 7, 2011 hearing, Judge Weinstein agreed with that position, announcing that he interpreted Georgia state law as disallowing special masters from conducting simulated straw purchases. (See Docket Entry # 960). However, here, given that Mickalis Pawn is located in South Carolina, Georgia law is irrelevant. Accordingly, this Court finds that since there is no legal barrier to the Special Master conducting simulated straw purchases in South Carolina, including this provision in the Mickalis Pawn injunctive order is appropriate and provides a permissible investigative tactic.

## CONCLUSION

Having considered the record and the parties' submissions, the Court finds that the City's proposed Amended Judgment Granting Injunctive Relief pertaining to Mickalis Pawn faithfully

4

incorporates the modifications ordered by Judge Weinstein in regard to Adventure Outdoors, and is consistent with both the aims of the original injunction as well as the requirements of the Federal Rules of Civil Procedure. Accordingly, the Court respectfully recommends that the district court adopt the City's proposed Amended Judgment Granting Injunctive Relief.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 16, 2012

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5